## THE STATE v. FREEMAN.

27 333
f111 36

1. Criminal law: CHANGE OF VENUE. An application for a change of venue in a criminal case is intrusted by the statute to the District Court in the exercise of a sound discretion, and the Supreme Court will not interfere with its action unless it is shown that such discretion has been improperly exercised. It was accordingly *held*, that the action of the court below in refusing an application for a change of venue, based upon the uncorroborated affidavit of the defendant, of the prejudice of the judge, was not erroneous.

2. Intoxicating liquors: INDICTMENT FOR NUISANCE. An indictment for keeping a nuisance under § 1564 of the Revision is sufficient, which charges the offense as having been committed "by using and keeping a room and place for the purpose of selling, and by selling therein intoxicating liquors, in violation of § 1562 of the Revision."

HARVARD LAW SCHOOL LIBRARY.

3. —— QUANTUM OF PROOF. Proof of occasional sales in a secret manner, without testimony that the place was notoriously or publicly known as a place for the sale of intoxicating liquors, is sufficient to convict in a prosecution for nuisance under said § 1564.

4. Criminal law: APPEAL: REDUCTION OF FINE. The power given to the Supreme Court by § 4925 of the Revision, to reduce the punishment in a criminal cause, should be exercised only in cases where the court below has manifestly visited too severe a penalty—one disproportioned to the degree of guilt as shown by the proof.

*Appeal from Johnson District Court.*

WEDNESDAY, JUNE 23.

THE following indictment was found and presented against the defendant, to wit:

"The State of Iowa, Johnson County, *ss :*

The State of Iowa ⎫
    *agt.*   ⎬ *Indictment for keeping a nuisance.*
Peter Freeman. ⎭

To the District Court of said State within and for said county at the January Term thereof, in the year of our Lord one thousand eight hundred and sixty-seven. The jurors of the grand jury of the State of Iowa, within and for said county of Johnson, legally convoked, impaneled, tried, sworn and charged, in the name and by the authority of the said State of Iowa, upon their oath do aver, find and present that Peter Freeman, at and within said county on the first day of January, A. D. 1866, and on all other days since and up to the finding of this indictment, did use and keep a room and place for the purpose of selling therein intoxicating liquors, to wit: whisky, rum, gin, brandy, and other intoxicating liquors, in violation of § 1562 of the Revision of 1860 of the laws of Iowa, and did then and there sell said intoxicating liquors.      "C. R. SCOTT,

"*District Attorney 8th Judicial District.*"

The defendant appeared and moved a change of venue on his own affidavit of the prejudice of the judge, which was overruled. He then filed a demurrer to the indictment, which was also overruled. A plea of not guilty was then interposed, and a trial had to a jury, who returned a verdict of guilty. The defendant made a motion in arrest of judgment, on the ground of the insufficiency of the indictment, etc., which motion was also overruled, and the defendant sentenced to pay a fine of $500, and to be committed to jail for one hundred days unless said fine was paid.

The defendant appeals.

*Clark & Haddock* for the appellant.

*H. O'Connor*, Attorney-General, for the State.

COLE, J.—I. The question presented by an application for a change of venue in a criminal case is one intrusted,

1. CRIMINAL law: change of venue.

by our statute, to the District Court in the exercise of a sound discretion, when fully advised, etc. Rev. § 4733. And, as was held in the case of *The State* v. *Ingalls* (17 Iowa, 8), and cases there cited, we cannot interfere with the discretion vested in the court below, unless it is shown to have been improperly exercised. There is nothing appearing in this case, except the affidavit of the defendant himself, " that, owing to the prejudice of the judge against him, he cannot, as he verily believes, receive a fair trial." This, the judge, " when fully advised," denied by overruling the motion. We cannot say, upon this alone, that the court improperly exercised its discretion. There must be something more, in the nature of facts and corroborating circumstances, and supporting affidavits, to justify the interposition of an appellate tribunal in such cases.

II. Notwithstanding the marked skill and acumen manifested by appellant's counsel in the argument to show the insufficiency of the indictment, we yet feel constrained to hold that it is good. The charging part of the indictment, in plain language, is this: that Peter Freeman, on the first day of January, 1866, in Johnson county, did use and keep a room and place for the purpose of selling therein, and did then and there sell, intoxicating liquors in violation of section 1562 of the Revision.

2. INTOXICATING LIQUORS: indictment for nuisance.

By section 1561 of the Revision, the manufacture of intoxicating liquors in this State is prohibited; by section 1562 the sale of them is prohibited, and by section 1563 the owning or keeping with intent to sell is also prohibited. Then follows section 1564, under which this indictment was framed; which declares that, in cases of a violation of either of the three preceding sections, the building in which such unlawful manufacture, sale, or keeping for sale, is carried on is a nuisance, and may be abated as such; and, in addition to the penalties prescribed by them, whoever shall use any building, etc., for any of the purposes prohibited in said sections, shall be deemed guilty of a nuisance, and may be prosecuted and punished accordingly, in the manner provided by law.

This indictment is "for keeping a nuisance;" and it describes the offense thus named and defined in section 1564, as having been committed *by using and keeping a room and place for the purpose of selling and by selling therein* intoxicating liquors in violation of section 1562. The indictment is not for a simple sale, or manufacture, or keeping with intent to sell, as prohibited by the three preceding sections, but for *keeping a room and place* in which to sell and selling therein. It seems to us that the offense is charged "in such a manner as to enable a per-

son of common understanding to know what is intended," and this, by our statute, is sufficient. Rev. § 4659.

III. The proof showed the sale of whisky to various persons by the clerks of the defendant, and once by him, in the defendant's cellar; it was drawn from a barrel and drank there, but defendant did not keep a saloon, nor was it shown that his cellar was a place of public resort for drinking.

3. — quantum of proof.

The court instructed the jury, among other things, that such sale was presumptive evidence of defendant's guilt, and, unless rebutted, was conclusive, and required a verdict accordingly, and refused to instruct them that occasional sales, without testimony that the place was notoriously or publicly known as a place for the sale of liquors, was not sufficient to convict.

There was no error in this action of the court. Section 1564 provides that proof of the sale in violation of the act shall be deemed sufficient as presumptive evidence of the offense provided for in this section; and besides, upon general principles, a violator of the law cannot escape its penalties by committing the offense secretly instead of notoriously and publicly.

IV. The defendant was fined $500, and we are asked to reduce this penalty. Section 4925 of the Revision provides that the Supreme Court "may reduce the punishment, but cannot increase it." This power to reduce the punishment should only be exercised in cases where the court below has manifestly visited too severe a penalty, one disproportioned to the degree of guilt, as shown by the proof, and this because the court trying the cause and having the witnesses before it, together with all the circumstances attending the case (very many of which can never be presented to an appellate court), is thereby the better qualified to properly measure the merited punishment.

4. CRIMINAL LAW: appeal: reduction of punishment.

In this case we have not all the evidence before us, but only an abstract or the substance of it. Under such circumstances we cannot properly interfere, even though the penalty may seem, as it does in this case, to some of the members of the court, to be on the very limit of propriety.

                                        Affirmed.