THE STATE v. WALTZ.

**Intoxicating Liquors** : NUISANCE : INDICTMENT : DESCRIPTION OF PROPERTY. An indictment charging the crime of nuisance by keeping a place for the unlawful sale of intoxicating liquors is good in the absence of averments particularly describing the place, house or building in which the nuisance is maintained ; but while, upon a verdict of guilty upon such an indictment, the offender may be punished by a fine, no order for the abatement of the nuisance can be made.

*Appeal from Muscatine District Court.*—HON. W. F. BRANNAN, Judge.

FILED, JUNE 7, 1888.

DEFENDANT was indicted for the offense of keeping a nuisance by maintaining a saloon for the unlawful sale of intoxicating liquors. A demurrer to the indictment was sustained, and defendant discharged. The state appeals.

*A. J. Baker*, Attorney General, for the State.

*J. J. Russell*, for appellee.

BECK, J.—I. The parts of the indictment necessary to be set out here are in the following language : "The grand jury of the county of Muscatine, in the name and by the authority of the state of Iowa, accuse F. J. Waltz of the crime of nuisance, committed as follows : The said F. J. Waltz, on the tenth day of November, A. D. 1886, in the county aforesaid, wilfully and unlawfully did use a certain building, known as a 'saloon,' for the purpose of selling therein, and therein did sell, intoxicating liquor of the kind prohibited by law, to-wit, whisky, brandy, rum, gin, ale, wine and beer, to divers persons, and did then and there, by the means aforesaid, keep and maintain a public and common

nuisance, to the manifest corruption of good morals, contrary to the provisions of the Code of Iowa in such cases made and provided, and against the peace and dignity of the state of Iowa." The demurrer sustained is in this language : "Comes now the defendant in the above-entitled case, and demurs to the indictment herein filed, for the reason and on the ground that defendant is charged in said indictment with unlawfully using a certain building for the purpose of selling therein intoxicating liquors, and thereby keeping and maintaining a common and public nuisance ; and under the law upon which said indictment was founded and based, the proceeding is one in which it is contemplated and intended to affect the certain premises in which said alleged nuisance is said to be maintained ; and nowhere in said indictment is there to be found a correct description of said premises where said nuisance is said to exist, nor is there any description whatever of said premises in said indictment." We are required to determine whether an indictment charging the crime of nuisance by keeping a place for the unlawful sale of intoxicating liquors is good in the absence of averments particularly describing the place, house or building in which the nuisance is maintained. It appears to be the settled rule of the books that such an indictment is sufficient, unless the locality in which the act causing or creating the nuisance is a necessary ingredient of the crime, in that the act would not cause the nuisance if done elsewhere, or is essential to the identity of the offense, or the nuisance is to be abated upon conviction of the accused. 2 Bish. Crim. Proc. secs. 111, 866, and notes ; Whart. Crim. Pl. sec. 155 ; 2 Archb. Crim. Pr. & Pl. 980 ; 2 Whart. Prec. Ind. 719.

II. This court has held that indictments for nuisances committed by keeping places for the sale of intoxicating liquors are good without averments precisely describing the *locus* of the offense. *State v. Kreig*, 13 Iowa, 462 ; *State v. Schilling*, 14 Iowa, 455 ; *State v. Freeman*, 27 Iowa, 333. The indictments in these cases were all found under the statute in force when the

indictment in this case was found.   This observation
is intended only to apply to the  statute so far as it
declares that the keeping of a place for the sale of intox-
icating liquors, for purposes not authorized by law, is a
nuisance, and may be punished by indictment.   Amend-
ments thereto, and changes therein, pertaining to the
punishment of the offense, and authorizing proceedings
for abatement of the nuisance,  have  been  enacted.
Chapter 45, Acts Fifth General Assembly, forbids the
manufacture, keeping and sale of intoxicating liquors,
except as permitted therein, and in a separate section
declares that, in case of the violation of the prohibitory
provisions of the act, the building or place in which the
intoxicating liquors are sold or kept shall be regarded
as a nuisance, and abated as such.   This statute was
embodied in the Revision of 1860, and substantially
reënacted in the Code of 1873.  Chapter 143, Acts
Twentieth General Assembly, amends the statute as to
the provisions relating to the offense, and declares that
the furniture, fixtures and contents of a building used
for the unlawful sale of intoxicating liquors, as well as
the building itself, shall be regarded as a nuisance.   It
also prescribes a fine to be assessed upon conviction for
the offense, and declares that the nuisance may be abated
by injunction in proceedings authorized by the act.
Chapter 66, Acts Twenty-first General Assembly, amends
the statute last named, increasing the punishments, and
broadening its provisions as to injunctions to restrain
nuisances, and in some other respects which need not
be here particularized.   It further provides that if the
existence of the nuisance be established, either in a
criminal or equitable action, it shall be abated under an
order of the court.

III.   It will be observed that, under the statute
applicable to the case before us, one charged with the
offense of nuisance contemplated by it may be indicted,
and upon the indictment he may be fined, and the nui-
sance may be abated.   Now, if it be assumed that the
order of abatement cannot be made in the absence of
allegations in the indictment particularly describing the

*locus* of the nuisance, it does not follow that the offender may not be punished by fine upon conviction under such an indictment. The statute declares that he may be fined upon conviction. It prescribes further proceedings after conviction under such an indictment, to the end that the nuisance be abated. Now, if the order of abatement cannot be made in the absence of averments as to the *locus*, the court, upon conviction, will render judgment for the fine, regarding the indictment as not presenting a case for abatement of the nuisance. It will be presumed that the state sought in the prosecution nothing further in the way of punishment than a fine upon defendant. The statute provides for the fine ; the indictment alleges sufficient facts to support a judgment therefor. It does not allege facts sufficient to support an order for abatement. The case will be regarded, then, as one in which the state seeks a conviction and a fine, and nothing more, and for that purpose the indictment is sufficient. We therefore conclude that the judgment of the district court ought to be

REVERSED.