(60 N. W. Rep. 841.)

---

### STATE vs. F. W. DELLAIRE.

Opinion filed November 23rd, 1894.

**Liquor Nuisance—Indictment—Names of Persons to Whom Sold.**

In an indictment under Section 13 of the prohibition statute, which declares all places to be common nuisances where intoxicating liquors are sold or kept for sale in violation of the provisions of the act, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, it is not necessary, when it is charged that intoxicating liquors were so sold, to state the names of the parties to whom such sales were made.

**Time—Sufficiency of Indictment.**

That section requires that the liquors should be sold or kept for sale in violation of the provisions of that act, and the indictment should so state. It is not enough to state generally that the acts were done contrary to the statute in such case made and provided. An indictment under that section charges no offense unless it states that the prohibited acts, or some of them, were done or permitted in the building during the time that it is charged the defendant kept the same; but indictment in this case *held* sufficiently definite and certain in this respect.

BARTHOLOMEW, C. J., dissenting.

Error to District Court, Stutsman County; *Rose*, J.

F. W. Dellaire was indicted for keeping and maintaining a common nuisance. A demurrer to the indictment was sustained, and the state brings error.

Reversed.

*S. L. Glaspell*, for the state.

It is unnecessary to state the names of the persons to whom liquor is sold. *People* v. *Sweetser*, 1 Dak. 308; Whart. Cl. and Pl. Pr. 155, 251; Whart. Cr. Law, 2445; Black on Intoxicating Liquors, 464. Where the offense charged is the keeping and maintaining a common nuisance, a particular sale is not the gravamen of the offense. Black on Intoxicating Liquor, 481, 486; *Skinner* v. *State*, 22 N. E. Rep. 115; *State* v. *Brennan*, (S. D.) 50 N. W. Rep. 625; *Com.* v. *McKenna*, 33 N. E. Rep. 389; *State* v. *Farley*, 53 N. W. Rep. 1089. A nuisance is a continuing offense. The indictment specifies the time as on the first day of January, A. D. 1892, and at divers times up to and including January 10th, 1894. The indictment was framed upon authority of *Com.* v. *Sheehan*, 9 N. E. Rep. 839. The meaning of this allegation is to charge one offense for a single period of time, beginning with the first day and ending with the last day named. *State* v. *Reno*, 21 Pac. Rep. 803; Whart. Cr. Pl. and Pr. 321, 126. The indictment is not bad for duplicity. *State* v. *Billby*, 21 Wis. 205: *State* v. *Schweiten*, 27 Kan. 499; *State* v. *Notan*, 10 At. Rep. 481; Black on Intoxicating Liquor, 440.

*Barrett & Marcy*, for defendant in error.

BARTHOLOMEW, C. J. The state sued out a writ of error from an order sustaining the defendant's demurrer to an indictment, which, omitting the formal parts, charged the defendant with "the crime of keeping and maintaining a common nuisance, committed as follows: The said F. W. Dellaire and Charles White, on the 1st day of January, A. D. 1892, and at divers times up to and including January 10th, 1894, in this County of Stutsman and State of North Dakota, did keep a place, to-wit, the certain brick building known as the 'Tom Driscoll Building,' situated on lot 8 in block 24, according to the original plat of the City of Jamestown, in said county, in which place intoxicating liquors were kept for sale, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, and where intoxicating liquors were sold contrary to the form of the statute

in such case made and provided, against the peace and dignity of the State of North Dakota." The demurrer presents three principal points: *First*, the indictment does not name the parties to whom the intoxicating liquors were sold, or give any excuse for not so doing; *second*, it does not state that such liquors were sold or kept for sale in violation of any provision of the prohibition statute; *third*, it is uncertain as to the time when such liquors were so kept in said building, or when parties resorted to said building for the purpose of drinking intoxicating liquors as a beverage, or when intoxicating liquors were sold in said building.

Referring now to the first point, it has been repeatedly held that, when it was sought to prosecute a party for the crime of selling intoxicating liquors as a beverage, the indictment should state the names of the parties to whom such liquors were so sold, or excuse the omission. But this rule is so far from uniform that it is not even possible to say upon which side of the question the weight of authority is arrayed. In a note to Section 464, Black, Intox. Liq., the authorities for and against the position are cited in great numbers. In this case the offense charged is not selling intoxicating liquors, but keeping and maintaining a common nuisance. Section 13 of our prohibition statute (Chapter 110, Laws 1890) declares that "all places where intoxicating liquors are sold, bartered or given away, in violation of any of the provisions of this act, or where persons are premitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of this act, are hereby declared to be common nuisances," and it is further provided that the owner or keeper of such place shall, upon conviction thereof, "be adjudged guilty of keeping a common nuisance." We notice that selling intoxicating liquors contrary to the provisions of this act does not constitute the offense. Nor does keeping intoxicating liquors for sale contrary to the provisions of this act constitute the offense. Neither is the offense committed by permitting persons to resort to the place for the purpose of drinking intoxicating liquors as a

beverage. They are evidences of the offense. It is keeping the place where these things, or some of them, are done, that constitutes the offense. Proof of keeping by the defendant, and that any one of the prohibited acts was done by the defendant in such place during such keeping, would make the offense complete. Proof that all the prohibited acts were done would do no more. The offense is single. Since the selling does not constitute the crime in this case, we think the logic of those cases which hold, in prosecutions for selling intoxicating liquors, that the name of the party to whom the sale was made must be stated, does not apply. If it be necessary to state the name of the party to whom the liquor was sold, then, for the same reason, it must be necessary to state the names of the parties who were permitted to resort to the place for the purpose of drinking. This is not claimed, and we think has never been held. Yet in each case the name sustains the same relation to the substantive offense. The case of *McLaughlin* v. *State*, 45 Ind. 338, is confidently relied upon as authority for the position of the defendant in error; and it must be admitted that the case is strongly in his favor, but we think it should be distinguished. True, that was a prosecution under a statute which declared all places where intoxicating liquors were sold contrary to the act to be common nuisances; but the court said: "By the section now under consideration, the act of selling by the person keeping the room, etc., is what constitutes the offense, without any referenee to the manner in which the house is conducted or kept." This cannot be said under our statute. The offense of which the party must be convicted, if convicted at all, is that of "keeping and maintaining a public nuisance." A nuisance must be something that can be abated,—a continuing act. Selling a drink of liquor to A. is an instantaneous act, and one that cannot be abated; by keeping the room where such liquor is sold is a continuing act, and the statute declares it a nuisance, and directs its abatement. Other provisions of the statute provide punishment for the act of selling. See *State* v. *Freeman.* 27 Iowa, 333. In Black, Intox. Liq. § 486, it is said:

"When the prosecution is upon a statute which provides that all places kept for the illegal sale of liquor shall be deemed public nuisances, and directs the punishment of the keeper of such place, an indictment against such person will ordinarily be good if it describes the offense in the language of the statute." It has been so held in *State* v. *Welch*, (Me.) 7 Atl. 475; *Commissioners* v. *Howe*, 13 Grey, 26; *Commissioners* v. *Wright*, 12 Allen, 190; *Skinner* v. *State*, 120 Ind 127, 22 N. E. 115; *State* v. *Freeman, supra.* Tested by this rule, this indictment is sufficient upon this point. While it does not in all respects follow the words of the statute, as we shall immediately see, yet it was not vulnerable to the objection that it did not state the names of the persons to whom the liquors were sold.

The statute already quoted requires, in order to constitute the offense charged, that the intoxicating liquors be sold "in violation of any of the provisions of this act, or that such intoxicating liquors be kept for sale in violation of this act." The indictment in this case ends with the usual formula: "Contrary to the statute in such case made and provided." This was not sufficient. In order to constitute the crime of "keeping and maintaining a common nuisance," as here used, it is not enough to violate some other statute. The liquor must be sold or kept for sale in violation of some provision of Chapter 110 of the Laws of 1890, and the indictment should so state. Still, the demurrer should not have been sustained upon that ground, because the indictment did allege in the words of the statute that defendant in error kept a place where persons were "permitted to resort for the purpose of drinking intoxicating liquors as a beverage.". If the state had proved that persons were so permitted to resort to such place while so kept by defendant, it would have been entitled to a conviction, because proof of that fact would have been as effective to establish the crime as proof of all the facts set forth in the statute.

But the last objection to the indictment is, in the opinion of the writer hereof, fatal. It is not sufficiently specific as to time.

True, time is not an ingredient of the offense charged.    True, also, that proof that intoxicating liquors were sold in the building in violation of the act, or kept for sale contrary to the act, or that persons were permitted to resort to the building for the purpose of drinking intoxicating liquors as a beverage at any time on or between the dates charged, and while defendant so kept the said building, would have warranted conviction.    But the difficulty lies in the fact that the indictment does not state that any of the prohibited acts were done or permitted in the building between January 1, 1892, and January 10, 1894, or while the defendant kept the same.    It may be that defendant kept said building on and at all times between said dates, and that intoxicating liquors were sold and kept for sale therein contrary to the provisions of the prohibition act, and persons permitted to resort thereto for the purpose of drinking intoxicating liquors as a beverage, prior to January 1, 1892, in which event every word in the indictment would be true, and yet defendant would be guilty of no offense whatever.    True, on the other hand, proof of the prohibited acts during the term charged would do no violence to the words of the indictment, but, taking them in their usual acceptance, such is not their necessary meaning.    I think we can indulge no presumptions, and read nothing into an indictment for the purpose of sustaining it; but my associates think the indictment sufficient upon this point also, and consequently the order of the District Court is reversed.

CORLISS, J.    Judge Wallin and myself, while we concur in the opinion of the Chief Justice in all other respects, are unable to agree with him in his view that the indictment is insufficient on the ground that the keeping of the place, and the resorting of persons to such place, for the purpose of drinking intoxicating liquors as a beverage, are not alleged to have been contemporaneous.    The allegation is that the defendant, at certain specified times, "did keep a place  *  *  *  where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage."    At these times he not only kept a place, but he kept

a place where a certain thing was permitted to be done. These two elements of the crime are bound up together by the closest connection, and the time specified clearly relates to both. The construction which the Chief Justice places upon the indictment seems to us to interpolate into it some additional language. His conclusion is that the pleading is open to the interpretation that the thing permitted to be done at the place might, consistently with the language of the indictment, have been done before defendant kept the place. To express such an idea, the language must have been: "Where such persons had been permitted," etc.; or "where, before such time, persons were permitted," etc. This is not the language of the indictment. It will not change the meaning of the words used to transpose them. Let us place the allegation as to time at the end. It could have been placed there without violating any rule of law. The indictment would have read, to give its substance, as follows: "The defendants kept a place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage on the 1st day of January, 1892, and at divers times up to and including January 10, 1894," Would such an indictment be open to the criticism that it left it uncertain whether the keeping of the place and the permitting of the particular thing to be done therein were contemporaneous? The case of *Skinner* v. *State*, (Ind. Sup.) 22 N. E. 115, is in point. There the allegation was that at a particular time the defendants "did then and there keep a place where intoxicating liquors were sold," etc. The use of the words "then and there" before the word "keep" was mere surplusage, for the allegation was that defendants, "on the 1st day of June, 1888, and continuously thereafter, to the day of making this indictment, at the state and county aforesaid, did then and there keep," etc. The time and place were fully set out just before the words "did keep a place," and adding the words "then and there" were entirely unnecessary. With these idle words eliminated, the indictment was the same as the indictment in this case; and it was sustained by the court. "The words used in an indictment must

be construed in their usual acceptance in common language, except words and phrases defined by law, which are to be construed according to their legal meaning." Comp. Laws, § 7247. If I should state that on a certain day I kept a place where liquors were sold, would I be understood in common parlance as asserting that the liquors were sold there, not while, but before, I kept the place? To our minds the meaning is clear, and the order appealed from must be reversed; and it is so ordered.

Reversed.