(92 N. W. Rep. 456.)

---

## STATE vs. OTTO W. THOEMKE.

---

### Intoxicating Liquors—Illegal Sale.

Upon an appeal from a judgment in a criminal prosecution, wherein the defendant was convicted of the crime of maintaining a common nuisance in violation of section 7605, Rev. Codes, which is a part of the prohibition law, it is *held* that the verdict of the jury finding the defendant guilty is supported by the evidence. Whether the information and evidence would have sustained an order abating the nuisance is not involved or determined.

### Evidence—General Reputation.

In cases where evidence of the good character or reputation of a defendant is admissible in his behalf, the evidence must be as to his general reputation in the community in which he resides, and, before a witness is competent to testify thereto, he must disclose a knowledge of the defendant's general reputation, and should not be permitted to give his own opinion as to it. It is *held*, therefore, that it was not error to strike out the testimony of two witnesses who testified to the defendant's reputation, but not to his general reputation, and who disclosed upon cross-examination that they had no knowledge of his general reputation.

### Instructions not Misleading.

It is further *held* that the instructions upon which the case was submitted to the jury were not misleading, or prejudicial to the defendant, and that the motion for a new trial was properly denied by the trial court.

Appeal from District Court, Cass County; *Pollock,* J.

Otto W. Thoemke was convicted of maintaining a place wherein

intoxicating liquors were sold in violation of law, and appeals. Affirmed.

*J. W. Tilly,* for appellant.

*Emerson H. Smith* and *George W. Newton,* for the State.

YOUNG, J. The defendant was informed against by the state's attorney of Cass county for maintaining a common nuisance in violation of section 7605 of the Revised Codes. The jury returned a verdict of guilty. Defendant moved for a new trial upon the alleged insufficiency of the evidence to sustain the verdict, errors in the admission of testimony and in the instructions, which motion was denied. The trial court imposed a sentence of 90 days in the county jail and a fine of $200 and costs of prosecution. The defendant has appealed from the judgment, and relies upon the same grounds in this court which were urged in support of his motion for new trial.

The first ground urged is that "the verdict of the jury is unsupported by the evidence." Section 7605, Rev. Codes, which defines the offense of which the defendant was convicted, so far as material, reads as follows: "All places where intoxicating liquors are sold, bartered or given away, in violation of any of the provisions of this chapter, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of this chapter, are hereby declared to be common nuisances; * * * and the owner or keeper thereof shall upon conviction be adjudged guilty of maintaining a common nuisance." The offense which is made punishable by the above section is the keeping of a place where the forbidden acts are committed. In referring to this section in *State* v. *Dellaire,* 4 N. D. 312, 60 N. W. Rep. 988, this court said: "We notice that selling intoxicating liquors contrary to the provisions of this act does not constitute the offense. Nor does keeping intoxicating liquors for sale contrary to the provisions of this act constitute the offense. Neither is the offense committed by permitting persons to resort to the place for the purpose of drinking intoxicating liquors as a beverage. They are evidences of the offense. It is keeping the place where these things, or some of them, are done, that constitutes the offense. Proof of keeping by the defendant, and that any one of the prohibited acts was done by the defendant in such place during such keeping, would make the offense complete." In this case it is undisputed that the place at which the information alleged the prohibited acts were done was owned by and in the possession and control of the defendant; in other words, there is no dispute that the defendant was the owner and keeper of the place. The vital question was whether it was a common nuisance, under the above section. The state relied upon proof of unlawful sales by defendant to give the place that character. We have examined the evidence on this point, and find that the verdict of the jury has ample support. Andrew Prior, a witness

for the state, testified to purchasing whisky from the defendant at his place on two different occasions,—at one time two quarts, at the other a single quart,—and that he divided the liquor so purchased among the members of a threshing crew. He also testified to purchasing beer from the defendant, and to being one of a number of persons, whom he named, who purchased from the defendant and divided among themselves a keg of beer. S. H. Bergrud, a witness for the state, also testified to purchasing a pint of whisky from the defendant, and also to being one of the persons who purchased and drank a keg of beer at the defendant's place. The defendant himself testified that he procured a keg of beer for his hired man, and charged it to him, and that this was drunk upon his premises by the hired man and five or six other persons. The defendant denied having sold whisky to Prior, or any one else, and claimed that one of the kegs of beer referred to by the witness belonged to his cousin, and that the keg which his hired man had was merely ordered by him, and that he did not sell it. He also called a number of persons to whom Prior had given portions of the whisky which he claimed to have bought from the defendant, who testified that Prior had stated to them that he did not get it from the defendant. Prior's explanation of these statements is that he was a friend of the defendant, and did not wish to get him into trouble. On this state of facts we cannot say that the verdict is not sustained by the evidence. Repeated sales by defendant are sworn to. The credibility of the witnesses, and the weight to be given to their testimony, was for the jury. In this case the state has not sought an order of abatement of the alleged nuisance. Whether the information and evidence would sustain such an order, had it been made, we need not determine. That question is not in the case. It is well settled that, where the prosecution is only against the person, an information charging the keeping of a place where the forbidden acts are committed is sufficient, and a conviction thereunder will be sustained. The rule is different where an abatement of the nuisance is sought. In the latter case the alleged nuisance must be particularly identified, so as to furnish a sufficient basis for the order of abatement. On this point, see *O'Keefe* v. *State,* 24 Ohio St. 175; *Segars* v. *State* (Tex. Cr. App.) 31 S. W. Rep. 370; *State* v. *Kreig,* 13 Iowa 462; *State* v. *Waltz,* 74 Iowa 610, 38 N. W. Rep. 494. It follows that the first ground urged by the defendant cannot be sustained and the same may be said of the defendant's exception to the entire charge of the court, based upon the ground that there is a total absence of evidence in the record that the defendant maintained a common nuisance.

Error is assigned upon the exclusion of the testimony of two witnesses, offered by the defendant, as to his reputation. Malcolm Morris testified: "I have been personally acquainted with Thoemke for the last three years. We live between six and seven miles apart. I have passed Thoemke's farm. It is a good farm, in good cul-

tivation. He is counted one of the best farmers around Wheatland. His reputation as a law-abiding citizen is good, so far as I know." On cross-examination by the state's attorney he said, "I never talked with anybody about his reputation for obeying the law." A motion was then made and granted to strike out the testimony of this witness as to character, on the ground that he had not shown himself competent. In our opinion, no error was committed in this ruling. Assuming that this is a case where the defendant might properly introduce proof as to his general reputation or character, nevertheless the proof offered was not competent, for the reason that it was not as to his general reputation. The witness did not pretend to know or testify to his general reputation. The rule of the cases is stated in 5 Am. & Eng. Enc. Law (2d Ed.) 579, 580, as follows: "Character must be proved by witnesses who know the general reputation of the person in question, and, before evidence as to character is admissible, this knowledge must appear. * * * A witness as to character should not be allowed to speak as to his own knowledge of the acts and transactions from which the character or reputation of the person whose character is being investigated has been derived, but he must speak from his own knowledge of what is generally said of such person by those among whom he resides, and with whom he is chiefly conversant. The mere individual opinion of the witness as to the character which is the subject of inquiry is not admissible." The testimony stricken out was clearly the individual opinion of the witness, and not a statement of what the general reputation of the defendant was in the community in which he resided. The testimony of the other witness, Frank Morris, is identical with that of the above witness, and was stricken out for the same reason, and properly so.

It is also urged that the charge of the court in reference to the several kegs of beer which were drank upon the defendant's premises was misleading and prejudicial, particularly that portion relating to the keg of beer which defendant obtained and delivered to his hired man and charged to him. The particular language of the instruction excepted to is as follows: "It is claimed by the state that, as one of the ingredients of the offense charged was a sale to the defendant's hired man of a keg of beer under the circumstances as disclosed by the evidence. In that behalf I charge you that, if you believe from the evidence beyond a reasonable doubt that dedendant procured a keg of beer or other intoxicating liquor, so that the title and ownership thereof was in him; and that thereafter, on the premises mentioned in the information, he transferred the title to the same to his hired man by charging its value to him, or in any other manner constituting a sale thereof, then he would be guilty of selling intoxicating liquor in violation of law." The above instruction is based upon the testimony of the defendant himself, and we are unable to see wherein it is erroneous. The defendant admits that beer was drank upon his premises at the several times testified to

by the witnesses, but claimed that it was merely upon the occasions of social gatherings; that he made no sales of the liquor, and that one of the kegs of beer belonged to his cousin. The defendant was given the full benefit of this defense in instructions which were, we think, entirely favorable to him. After referring to the section of the statute which the defendant is charged with having violated, the court said: "In so far as this statute is applicable to the claim of the defendant that it was a mere social gathering, I may say that it is directed against the unlawful sale, barter, and giving away of such liquors as a beverage as discloses an intention to violate the law. It is not a violation of the law for a person at a social gathering to give his guests a drink of intoxicating liquor, if that is not the sole purpose for which the gathering is had, and if the giving is simply an incident of the social gathering. If, on the other hand, the gathering is for the purpose of drinking intoxicating liquors as a beverage, then it is a violation of the law, and the permitting it to be drank upon the premises under those conditions would be a crime. You are, therefore, to take into consideration all the testimony bearing upon the manner in which the liquor, conceded to have been drank, was dispensed; and if you believe from the evidence that it was simply an incident to a social gathering, then for this act the defendant could not be guilty of the crime charged against him." We by no means wish to be understood as approving the correctness of the above charge, but limit our comment on the same to merely stating that it was not prejudicial to the defendant. The gist of the offense with which the defendant is charged is the keeping of a place where prohibited acts are alleged to have been committed. That he kept the place is not disputed, and there is ample evidence to sustain the finding of the jury that sales of intoxicating liquor were there made by him. Proof of the offense charged was thus complete.

Finding no error in the record, it follows that the judgment and conviction must be affirmed, and it is so ordered. All concur.