## STATE OF NORTH DAKOTA v. CHARLES WHITE.

.(131 N. W. 261.)

**Criminal Law — Attorney General's Authority to File Information.**

1. Following former decisions of this court, the Attorney General of the

state has authority in law to act as informant and file criminal information in district court without a showing of reasons therefor, or without showing reasons why the state's attorney of the county does not so act; and defendant's motion to quash the information so filed on such ground was properly denied.

Criminal Law — Trial Judge — Affidavit of Prejudice — Right to Charge — Place of Trial.

2. The filing of an affidavit of prejudice against both the presiding judge and the county does not divest such trial judge of authority to order a transfer of the action to another county for trial.

Criminal Law — Intoxicating Liquors — Information — Nuisance.

3. A criminal information in a prosecution for keeping and maintaining a common nuisance, a saloon, need not describe with particularity the place of its alleged commission. An information charging the crime as having been committed at "a certain place located in the city of Bismarck in said county and state" sufficiently designates the place when no abatement of nuisance is sought or property liened for fine and costs.

Opinion filed April 20, 1911.

Appeal from the District Court of McLean county; *Kneeshaw*, J., after transfer from Burleigh county, *Winchester*, J.

Affirmed.

*W. L. Smith,* for appellant.

Information alleging nuisance must describe the place. State v. Rozum, 8 N. D. 548, 80 N. W. 477.

No judge against whom an affidavit of prejudice is filed can make further order than to call in another judge. Livermore v. Brundage, 64 Cal. 299, 30 Pac. 848; Swepson v. Call, 13 Fla. 337; 23 Cyc. Law & Proc. pp. 598 and 593.

*Andrew Miller,* Attorney General, *Alfred Zuger,* Assistant Attorney General, *R. N. Stevens,* State's Attorney, and *J. E. Nelson,* for respondent.

Attorney General may sign and file information. State ex rel. Miller v. District Ct. 19 N. D. —, 124 N. W. 417; State v. Heiser, 20 N. D. 357, 127 N. W. 72.

Particular description of place unnecessary when abatement of nuisance is not sought. State v. Kruse, 19 N. D. 203, 124 N. W. 385; State v. Ildvedsen, 20 N. D. 62, 126 N. W. 489; State v. Empting,

21 N. D. 128, 128 N. W. 1119; State v. Albertson, 20 N. D. 512,, 128 N. W. 1122.

Goss, J.   This is an appeal to this court from a judgment of con-- viction finding the defendant guilty of keeping and maintaining a: common nuisance.   The information was laid by the Attorney General of this state as informant.   The defendant moved to quash and set. aside the information on the ground that the Attorney General was not authorized by law to act as such informant, in the absence of a: showing made as to why the information was not filed by the state's: attorney of Burleigh county, wherein such proceedings were had.

The motion to dismiss was overruled, and properly so, as has been settled by the decisions of this court since the ruling of the trial court: complained of.   That the Attorney General of the state is authorized by law to so act, see State ex rel. Miller v. District Ct. 19 N. D. —; 124 N. W. 417; and State v. Heiser, 20 N. D. 357, 127 N. W. 72, and authorities therein cited.   The action of the trial court, accordingly,. was proper.

Thereafter the defendant interposed a demurrer to the information,. and forthwith filed an affidavit of prejudice against both the presid-- ing judge of the district court and the county in which said action was: pending.   The court thereupon immediately granted a change of venue- to the county of McLean, and to this ruling the defendant excepts and thereon predicates error urging that, upon the filing of the affidavit: of prejudice the jurisdiction of the presiding judge ceased for all pur- poses, including his authority to transfer the case for trial to another- county.

Such contention cannot be sustained.   Section 9929 of the Revised Codes of 1905, in subdivision 1 thereof, provides that under such cir- cumstances "it shall be the duty of the court to order such action re-- moved for trial to some other county or judicial subdivision in this- state, as provided in this article, and to request, arrange for, and pro- cure some other judge than the one objected to, to preside at the trial of said action."   The statute is conclusive against the position taken, by defendant's counsel as to such assignment of error.

Defendant alleges error in the overruling of his demurrer to the- information.   The charging part of the information charges the nui-- sance to have been kept and maintained "at a certain place located in

the city of Bismarck, in said county and state," without more specifically charging the place. The demurrer is leveled particularly at the failure of the information to specify more particularly the location of the place of commission of the crime. The information in all other particulars is not open to criticism, nor is it on this score. No judgment for the abatement of the nuisance was pronounced, nor was any property liened thereunder. The place was designated with sufficient certainty. The state is not obliged to charge the place of the commission of the crime with any more particularity than as charged, and under this allegation as to place could prove the keeping and maintaining of a place as a common nuisance within the city of Bismarck, and convict the defendant of the crime of keeping and maintaining the same. This is so well settled by the decisions of this court, that it is unnecessary to cite decisions from other states on this question. See State v. Ball, 19 N. D. 782, 123 N. W. 826; State v. Ildvedsen, 20 N. D. 62, 126 N. W. 489; State v. Kruse, 19 N. D. 203, 124 N. W. 385.

This disposes of all the assignments of error adversely to the defendant. The judgment appealed from is affirmed, and it is so ordered.