## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

JOHN C. LOWE, Plaintiff, vs. DISTRICT COURT of Ward County, and Fifth Judicial District, Honorable K. E. Leighton, Judge thereof, and T. N. Henderson, Clerk, Defendants.

(181 N. W. 92.)

**Criminal law — circumstances held to require supreme court to designate presiding judge and county for trial.**

1. In a proceeding for the exercise of the superintending control of the supreme court, where it appears that the defendant in a criminal action filed a double affidavit of prejudice against both the trial judge and the county and judicial subdivision, and thereupon, the trial judge so disqualified, made an order transferring the criminal cause from Ward county to Ramsey county, without designating the judge who should preside at the trial in the transferred county, as the statute requires, and where, further, it appears upon the showing made at the hearing before the supreme court that a fair and impartial trial in Ramsey county, for either the state or the defendant, is doubtful, and where, further, under the peculiar circumstances surrounding the case involved, as stated in the opinion, it is appropriate that the superintending control of this court be exercised in the interests of justice, to the end that a speedy and early trial be had without remanding the case again to the judge so disqualified

for the consideration of the entry of another proper order herein, subject, possibly, to another application to this court, it is held that the supreme court, under its superintending control, will designate, as required by statute, the county, and will direct the district judges in the judicial district to which the transfer of the cause has been ordered to designate the trial judge to preside at the trial of such criminal action.

Opinion filed January 4, 1921.

Application in the nature of certiorari for the exercise of the superintending control of this court. Minute order entered directing the transfer of the criminal cause to Pierce county and for the designation of a trial judge by the district judges of that judicial subdivision.

*McGee & Goss,* for petitioner.

*F. E. Packard* and *E. B. Cox,* Assistant Attorneys General, for defendant.

PER CURIAM: This is an application to this court for the exercise of its constitutional superintending control over inferior courts through a proceeding in the nature of certiorari. The petitioner was arrested on October 30, 1920, at Minot, in Ward county, charged with statutory rape. Before a justice of the peace he waived examination, and thereupon it was ordered that he be held to answer at the next term of the district court in Ward county.

On November 8, 1920, in the district court of Ward county, an information was filed charging the petitioner with such crime. On November 9, 1920, the petitioner filed a demurrer to the information, which was overruled by the Honorable K. E. Leighton, judge of the district court. Thereupon the petitioner entered a plea of not guilty. This was followed by the filing of an affidavit of prejudice against the trial judge and also against the county and the fifth judicial district, pursuant to the provisions of § 10,766, Comp. Laws 1913. On the same date Judge Leighton ordered that further proceedings be held in the district court of Ramsey county, and directed the clerk to send the necessary records in this action to the clerk of the district court of Ramsey county.

Thereupon, the petitioner made application to this court for a writ of certiorari, requesting that this court exercise its superintending control over inferior courts and issue a writ directed to the district court of Ward county, addressed to the Honorable K. E. Leighton, as presiding judge thereof, to cause to be forwarded to this court the record for review, and

to have entered an appropriate order transferring the criminal case against the petitioner to McHenry or Renville counties. In the application it is stated that the petitioner is forty-seven years old, and an attorney at law; that he was a candidate for nomination to the office of judge of the district court of the fifth judicial district at the primary held in June, 1920; that he was then duly nominated for such office; that at the general election held November 22, 1920, he, together with one Geo. H. Moellring, received the plurality of all votes cast for such office; that at such election the Honorable K. E. Leighton and the Honorable F. E. Fisk, now district judges, were candidates and received a less number of votes than those cast for the plaintiff and said Moellring; that the petitioner is qualified by law to assume the office of district judge on the first Monday of January, 1921, and will and intends to qualify and assume such office on the said date. The petition, with the affidavits attached, also states that by reason of the prejudice of the trial judge, and of the people of Ward county, and of the fifth judicial district, the plaintiff cannot, within such judicial district, have a fair and impartial trial. That he demands that the cause be transferred for trial to an adjoining county and judicial district, to wit: to McHenry county or to Renville county. That during the political campaign the candidacy of the petitioner was bitterly assailed by his opponents, and to his best knowledge and his belief of the filing of the charges against him was solely for political purposes; that the petitioner is entirely innocent of the charge, and that the removal of the place of trial so great a distance from Minot, to Ramsey county, would seriously and greatly inconvenience the plaintiff. On November 23, 1920, the matter came on for hearing before this court. The defendant filed a motion to quash and also separate returns. The clerk of the district court, in his return, states that he has forwarded to the clerk of Renville county certified copies of the records in the criminal case pending against the petitioner. The Honorable K. E. Leighton, in his return, denied any knowledge of the jury having been called in McHenry county in the month of November or in Renville county, and alleges that the regular term of court in Renville county is not set until January. Further, he denies that political opposition framed the charge involved, or that the complaining witnesses were induced to make such accusation either in the hope of reward or otherwise, and further he states that the transfer was made where trial could be had at the earliest opportunity, where the train service is excellent, the hotel service good, and a jury already impaneled; that the hotel accommodations are inconvenient at

Towner, in McHenry county, and that the train service to Mohall, in Renville county, is inconvenient, and the court room is exceptionally poor. That the petitioner is not acquainted in Ramsey county, and that he is well known not only in Renville county, but in McHenry county as well. That he was well known as a court reporter when Renville was a part of the eighth judicial district, and was also a court reporter when McHenry was a part of such judicial district, and attended terms of court in those places for many years. To this return is appended the affidavit of the complaining witness to the effect that when she was sixten years old, in the summer of 1918, the defendant had sexual intercourse with her at various times. At this hearing the defendant submitted an additional affidavit to the effect that at this time at Devils Lake, in Ramsey county, there exists a seething cauldron of political animosity; that the political feeling there was such during the political campaign that it did not subside through the election; that, since this case was ordered transferred in such county, there have been several arrests in that county arising out of the late campaign, and that such publicity and notoriety have been given by both sides of such political campaign, so as to make it less possible for such petitioner to have a fair trial in that county than was possible only a week ago. There is also attached an article showing that various complaints have been filed against the men arrested, charging criminal slander against some who have been opposed to the Nonpartisan League. In his petition, the petitioner recites that he was indorsed by the Nonpartisan League and Organized Labor, for district judge. In this connection the petitioner also presented another affidavit to the effect that conditions so exist in Devils Lake and Ramsey county as to militate against a fair and impartial trial in such county. That such conditions arise from the late political campaign and the preceding primary campaign in which political issues were sharply drawn between those nominees known as Nonpartisan and those known as Anti-Nonpartisan, that Ramsey county is one of the strongest Anti-Nonpartisan League counties in the state; that the great preponderance of sentiment, and especially in the city of Devils Lake, is Anti-Nonpartisan, and that much bitterness exists because of such issues. That in McHenry and Renville counties, on the contrary no such bitterness exists as this. No affidavits are filed by the defendants denying the matter contained in the affidavits of the petitioner presented in such hearing.

The proceedings for removal demanded by the petitioner have been under the provisions of article 5 (§§ 10,756 and 10,768) of the Code of

Criminal Procedure. These statutory provisions existed formerly when there was only one district judge for each judicial district. Under the new redistricting statutory act, there are now two or more judges for each judicial district. Laws 1919, chap. 167. Under this act change of venue may be taken from one judge to another in the same district, or in another district, or from one county to another, or from one district to another, as is now or may hereafter be provided for by law. Laws 1919, § 7, chap. 167. Under the provisions of said article 5, when the petitioner filed a double affidavit directed against the prejudice both of trial judge and of the county and judicial subdivision where the action was pending, it became the duty of the trial judge to order the cause to be removed for trial to some other county or judicial subdivision in this state. (§ 10,766) where the cause complained of did not exist. (§ 10,758), and to request, arrange for, and procure some other judge to preside at the trial of such action, (§ 10,766). It thereupon also became the duty of the judge who was requested by the disqualified judge to preside at the trial of the action, to respond as speedily as might be, and to preside at any trial to which he might be called under the provisions of said article 5. His acts are given the same force and validity as the acts made or done in the judicial district for which he was elected. (§ 10,767). It is plainly evident by simple reference to the statutory provisions, that the order of the trial judge, who was thus disqualified, was at least irregular, and not pursuant to the statutory requisites. The statute specifically requests such disqualified judge to arrange for some other judge to preside at the trial of the action so transferred. In the judicial district to which this case was sent, there are now three district judges. The disqualified judge did not designate which one of the three or what judge should preside. There is manifestly no such designation, expressed or to be implied, as the statute required.

If the parties were not demanding speedy trial, and if the administration of judicial procedure in this state might possibly not be hampered or embarrassed by reason of the proximity of time when the petitioner, as district judge elect, will qualify, these proceedings might then, perhaps, well be remanded to the disqualified judge again for further action. This court has heretofore held that the superintending control of this court over inferior courts was very broad. Ordinarily it will be exercised only in cases of emergency, or when the ends of justice imperatively demand it. The nature and extent of this control is not reflected by the name of the writ that has been used for its exercise. See State ex rel. Red River

Brick Corp. v. District Ct. 24 N. D. 28, 32, 138 N. W. 988. In the instant matter, peculiar circumstances exist in accordance with the demands and showing of the parties for an early and speedy trial. Circumstances have also arisen from the later showing made before this court, which serve to indicate that it is questionable whether a fair and impartial trial can be now had in the county of Ramsey. This does not necessarily reflect on the discretion of the disqualified trial judge, who ordered a transfer of the action to that county, since these circumstances, that a fair and impartial trial may not now be there had, have since arisen. Furthermore, the district judge, against whom the affidavit of prejudice was filed, has been placed peculiarly in an embarrassing position in exercising his discretion, by reason of the fact that he was defeated by the petitioner as a candidate for the office of district judge just shortly prior to the hearing had in this case before him. Likewise, the same might be stated of the Honorable F. E. Fisk, the other judge in such district, if, perchance, upon a remand of this cause, the disqualified judge should request the other judge to act.

If perchance, upon a remand of this matter to the disqualified court and judge, proceedings should be taken either through the voluntary action of both of such judges, so requesting the designation of another judge by this court, or if for any reason questions of interest of such judge in the outcome of this criminal litigation should be involved and injected, a further application to this court might be made, and further delay might occur in the hearing and determination of this criminal cause.

The duty of selecting a county free from prejudice is cast upon the presiding judge. Murphy v. District Ct. 14 N. D. 542, 546, 105 N. W. 728, 9 Ann. Cas. 170. Under the statute the disqualified judge is not deprived of jurisdiction to order the transfer to another county, Comp. Laws 1913, § 10,766; State v. White, 21 N. D. 444, 131 N. W. 261. Ordinarily the discretion of such disqualified trial judge will not be overruled unless it has been manifestly abused. Murphy v. District Ct., supra, 547. But in the instant case it appears that the order of transfer as made is at least irregular, and must, in any event, be revised so as to comply with the statute, and other circumstances appear which properly, under the circumstances of this case in the administration of justice, may well require the superintending control of this court to be exercised.

Both parties are requesting a speedy trial. Both parties have stated upon oral argument that they desire a trial in a county where it may be

had fairly and impartially. No objection has been urged to a designation of Pierce county. The county seat, Rugby, is nearer to Minot than Ramsey county. A special term may be speedily and conveniently arranged for the disposition of this matter by the judges of the second judicial district. It is therefore ordered that a minute order be entered as follows:

It is ordered that the order made by the district court of Ward county transferring said action for trial to Ramsey county be set aside, and that the district court of said Ward county be, and it is directed to enter an order transferring said action for trial to the district court of Pierce county; and Judge Kneeshaw, the presiding judge of said second judicial district, in which Pierce county is located, be and he is directed to designate one of the three judges in said district to preside upon the trial of said action. It is further ordered that a special term of the district court of Pierce county be called at the earliest possible moment, the exact date to be fixed by the judges of said district in accordance with the rules of practise and statutes in said case made and provided.

ROBINSON, Ch. J., and BRONSON and GRACE, JJ., concur.

BIRDZELL, J. (dissenting). In my opinion the application shows no abuse of discretion whatever in removing the cause to Ramsey county for trial. On the contrary, on the showing made before the district court, it appears prima facie to have been a very proper exercise of discretion. Upon the argument in this court, facts were presented by affidavit which were not before the district judge at all, as they occurred subsequent to the original application. It also appeared upon oral argument in this court that one objection the defendant had to the order entered in the district court was that he might be forced to trial in Ramsey county before he had had an adequate opportunity to prepare. In other words, he desired some delay. If sufficient cause for continuance existed, it could, of course, be presented to the court sitting in Ramsey county. However, since the defendant himself desired some delay, the exigency, in my opinion, is clearly not such as to justify this court in an original exercise of discretion in regard to the changing of the place of trial based upon facts which were not before the district judge. This is legislation, nothing more nor less. It is not an exercise of the power of superintending control. It is an original exercise of discretion. The statute requires the application to be made before the district judge, and, in my opinion, this court is not justifed in ignoring this statute and ordering a change in the place of trial upon facts which were never presented to the district judge.

The matter should have been remanded to the district court for such action as was deemed appropriate in the light of the facts presented here. This would occasion no delay. Then, if either party should desire a review by this court of the exercise of the legal discretion vested in the district court, it could be promptly secured. The whole matter could readily be accomplished in less than a week. Meanwhile the defendant could be preparing for the trial for which his counsel says he is not as yet prepared.

The action of the majority I regard as an implied criticism on the instrumentalities of justice in this state, in which I am unwilling to join.

CHRISTIANSON, J. (dissenting). In the main I agree with what is said in the dissenting opinion prepared by Mr. Justice Birdzell. By the plain words of the statute, it is the district court—not the supreme court—which is vested with power to designate the place of trial of a criminal action, when the defendant therein demands a change of trial judge and place of trial under § 10,766, Comp. Laws 1913. The power so vested in the district court is concededly a discretionary one, and this court may interfere only when it is clearly shown that the trial court has abused its discretion. Manifestly no abuse of discretion has been shown here. Nor do I understand that the majority members so hold. Their action is based upon matters which have arisen, or at least become apparent, since the trial court made the order which is assailed in this proceeding. It is true this court is, by the Constitution, granted "a general superintending control over all inferior courts," but the very provision which grants this power attaches to it the condition that it is to be exercised "under such regulations and limitations as may be prescribed by law." N. D. Const. § 86. And the same Constitution which brought this court into being and gave to it such general superintending control, also created the district courts and vested such courts with exclusive original jurisdiction in causes like that which gave rise to this proceeding. Not only so, but it has been "prescribed by law"—in plain and unmistakable terms,—that the district court is to determine the place of trial of criminal causes when an application is made by a defendant therein such as was made by the plaintiff in this proceeding. I believe that the action of the majority members in this proceeding is wholly unauthorized. If they deem the conditions, which are shown to have arisen after the district court made its order, such as to warrant the entry of an

order different from that which the trial court made, then the matter should be remanded to the district court, as suggested by Mr. Justice Birdzell.

I do not believe, however, that any showing has been made here from which it can reasonably be inferred that the defendant cannot have a fair trial in Ramsey county. It should be noted that the two counties suggested by the plaintiff (McHenry and Renville) as well as (Pierce) the county chosen by the majority members, all lie in the same judicial district as does Ramsey, so apparently plaintiff has no objection to any of the three judges in that district. (And upon the oral argument it was stated that no such objection existed.) So, at the outset it is conceded by all that the trial judge in Ramsey county would be fair and impartial, and afford defendant a fair trial. The crime with which plaintiff is charged has no connection whatever with politics. The plaintiff is not charged with having committed what may be called a "political crime." I do not believe that the people of Ramsey county (or any other county in this state) would desire to see an innocent man accused of rape convicted, or one guilty of that crime acquitted, because he is or is not of a certain political faith. And it is almost unthinkable that because some persons in Ramsey county have been arrested for criminal libel growing out of the recent election campaign, the jurors duly selected and sworn to try a case (from a distant county) wherein the defendant is charged with the crime of rape would violate their oaths as jurors, and permit political bias and prejudice to influence their judgment.

While I disagree with the conclusions reached by the majority members, it is only fair to state that if I deemed it properly a part of my duties to designate a place of trial of the criminal case under consideration, I should have no hesitancy in agreeing that the case might properly be sent to Pierce county. (I am aware of no reason why both parties may not, and will not, receive a fair trial in that county.) Nor am I aware of any reason why a fair trial may not be had in any other county in which the action may conveniently be tried.