## COMMONWEALTH *vs.* MICHAEL DUNN.

An indictment under the Gen. Sts. *c.* 87, §§ 6, 7, charging the keeping and maintaining of a tenement for the illegal sale and keeping of intoxicating liquors on a certain day "and on divers other days and times between that day and the day of the finding of this indictment," is not bad for duplicity.

INDICTMENT under the Gen. Sts. *c.* 87, §§ 6, 7, alleging that the defendant at Natick, " on the twenty-eighth day of October, in the year of our Lord one thousand eight hundred and seventy-two, and on divers other days and times between that day and the day of the finding of this indictment," kept and maintained a tenement for the illegal sale and illegal keeping of intoxicating liquors. At the trial in the Superior Court in Middlesex, before the jury were empanelled, the defendant moved to quash the indictment for duplicity, but *Putnam*, J., overruled the motion, and the defendant appealed.

*F. F. Heard*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, J. It being clear (as is admitted by the learned counsel for the defendant) that this offence may be committed by

keeping the tenement for the unlawful purpose for one day or for a longer time, and that this indictment duly charges such a keeping on October 28, 1872, and from that day to the day of the finding of this indictment, the necessary conclusion is that it duly charges the commission of the offence during a single period, beginning on said October 28 and ending on the day of the finding of the indictment, and is not bad for duplicity.

*Judgment for the Commonwealth.*