COMMONWEALTH *vs.* DANIEL D. SHEEHAN.

Middlesex.   January 28. — 31, 1887.   C. ALLEN & HOLMES, JJ., absent.

A complaint for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, on the first day of August, 1886, and on divers other days and times between that day and the third day of September, and on said third day of September, 1886, charges only one offence committed during a single period of time, and is not bad for duplicity.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a certain tenement in Natick used for the illegal sale and illegal keeping of intoxicating liquors, " on the first day of August, in the year of our Lord eighteen hundred and eighty-six, and on divers other days and times between that day and the third day of September, and on said third day of September," 1886.

In the Superior Court, on appeal, before the jury were empanelled, the defendant renewed a motion to quash, made in the court below, on the ground that " the time of the offence charged in the complaint is uncertain and indefinite, and two times are charged therein." *Thompson*, J., overruled the motion.

The defendant then requested that the evidence for the government be confined to the time first stated, and in the *continuando*, not including September 3; but the judge, against the defendant's objection, permitted evidence to be given of a seizure of liquors made on September 3, and the only evidence offered by the government was that seizure.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*L. H. Wakefield*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The allegation that the defendant kept and maintained a common nuisance " on the first day of August, in the year of our Lord eighteen hundred and eighty-six, and on divers other days and times between that day and the third day of September," charges an offence committed during the single period commencing on said first day of August and ending on said third day of September and including both of said days. *Commonwealth* v. *Dunn*, 111 Mass. 426.

The words following, " and on said third day of September," add nothing to the previous charge, and are unnecessary, but they do not charge a separate offence. The clear meaning of the allegation is, that the defendant kept the nuisance on the first day of August, and on divers other days and times between said day and the third day of September, including said third day of September. The complaint charges but one offence committed during a single period of time, and is not bad for duplicity.                    *Exceptions overruled.*