COMMONWEALTH *vs.* ROBERT J. PATTERSON.

Middlesex.   November 24, 1890. — January 7, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Intoxicating Liquors — Common Nuisance — "Tenement" — Appeal.*

A lot of land with detached buildings upon it, divisible into several tenements but not so divided, if kept and used for the illegal sale of intoxicating liquors, constitutes a single nuisance, within the Pub. Sts. c. 101, §§ 6, 7, and may properly be described in a complaint therefor as one "tenement."

A conviction in the Superior Court on appeal upon the same complaint and the same evidence as in a district court is conclusively of the same offence.

COMPLAINT to the Third District Court of Eastern Middlesex, alleging that the defendant at Cambridge kept and maintained "a certain common nuisance, to wit, a tenement situate in said Cambridge" used for the illegal sale and keeping for sale of intoxicating liquors from September 1, 1889, to January 22, 1890.

At the trial, on appeal, in the Superior Court, before *Blodgett*, J., the government offered evidence tending to prove that during the time alleged the defendant had the possession and control of certain land and certain detached buildings thereon, and used the land and buildings for the illegal keeping and sale of intoxicating liquors.

At the close of the evidence, the defendant requested the judge to order a verdict for the defendant, on the ground that the evidence showed that there were two or more tenements, either of which the jury might find the defendant guilty of keeping, and as the evidence at the trial in the appellate court was the same as that at the trial in the district court, and as it did not appear which of the two or more tenements the district court found the defendant guilty of keeping, there was no way of knowing that the offence of which the jury might convict the defendant was the offence of which he was found guilty by the district court.

The judge refused so to rule, and instructed the jury that the word "tenement" was a word of extensive signification, and that if the defendant had the possession and control of the land and buildings, such land and buildings, although the buildings were

disconnected, were properly described in the complaint as the tenement of the defendant; and that the defendant might be convicted if the land and buildings were held by the defendant and others jointly, and while so held, and during the time covered by the complaint, such land and buildings were used by the defendant, either alone or jointly with such other persons, for the illegal keeping and sale of intoxicating liquor.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*T. J. Gargan & P. M. Keating*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. The place kept and used by the defendant for the illegal sale of intoxicating liquor, consisting of a lot of land with detached buildings upon it, was properly described as a tenement. While it may have been divisible into several tenements, it was not so divided, but was used as one tenement and constituted one nuisance, the keeping of which was one offence. The offence was that of which the defendant was convicted in the district court. A conviction upon the same complaint and the same evidence is conclusively of the same offence.

*Exceptions overruled.*