### STATE OF IOWA v. H. CHAPMAN, Appellant.

**Indictment:** DUPLICITY. Under a statute defining a nuisance to be a certain use of "a building, erection or place," an indictment charging said use of "a building, erection, place, *and railroad car*" charges two offenses. *State v. Pierce*, 77 Iowa, 245; *State v. Paul*, 81 Iowa, 596; *State v. Larson*, 85 Iowa, 659; *State v. Dean*, 44 Iowa, 648; *State v. Spurbeck*, 44 Iowa, 667, and *State v. Winebrenner*, 67 Iowa, 280, *distinguished.*

*Appeal from Appanoose District Court.*—HON. H. C. TRAVERSE, Judge.

#### TUESDAY, APRIL 2, 1895.

Indictment and trial for a liquor nuisance. Verdict of guilty, and sentence pronounced thereon, from which the defendant appeals.—*Reversed.*

*C. F. Howell* for appellant.

*John Y. Stone*, attorney general, and *Thomas A. Cheshire* for the state.

Kinne, J.—I. The defendant was indicted, tried, and convicted of a liquor nuisance. The indictment charged: "That said H. Chapman, on or about the first

day of January in the year of our Lord one thousand eight hundred and ninety-three, in the county and state aforesaid, did then and there, and on divers other days and times between said date and the finding of this indictment, erect, establish, continue, and use a building, erection, place, and railroad car with intent and for the purpose then and there and therein to sell intoxicating liquor contrary to law, and with intent and for the purpose then and therein to own, keep, and be concerned, engaged, and employed in owning and keeping, intoxicating liquor, with intent unlawfully to sell the same within the state of Iowa aforesaid; and did then and there and therein sell intoxicating liquor contrary to law, and did then and there and therein own, keep, and was then and there and therein concerned, engaged, and employed in owning and keeping, intoxicating liquor, with intent unlawfully to sell the same within the said state, contrary to and in violation of law." The defendant demurred to the indictment, upon the grounds that it did not conform to the requirements of the Code; that it was bad for duplicity, in that it charged two offenses,—two nuisances,—alleging the keeping of two houses, one a building and the other a railroad car; that the alleged offense is not stated with that degree of certainty so that a person of common understanding could know what is intended, or with sufficient definiteness to enable a court to pronounce judgment, if there should be a conviction. This demurrer was overruled, and this ruling assigned as error.

Under our statute, the offense of nuisance consists in erecting, establishing, continuing, or using for the prohibitory purposes "any building, erection or place." Code, section 1543. Now this indictment charges the defendant with establishing, continuing, and using "a building, erection, place, and railroad car with intent," etc. We think that the

indictment fairly charges that the intoxicating liquors were kept in a building, and also in a railroad car, illegally, and for the purpose of unlawful sale. In other words, it seems to us the indictment charges two distinct and complete offenses, for either of which an indictment for a nuisance would lie. *State v. Viers*, 82 Iowa, 398. It is claimed in the argument for the state that this is a continuing offense, hence any number of acts may be charged in the indictment without rendering it open to the objection that it alleges more than one offense. Doubtless that is so when the offense is charged as having been continued from day to day at a single place; but here we have two separate and distinct offenses charged, one crime being committed in a building, and another in a railroad car. The places are not the same, and the mere fact that the crime in each case is a nuisance, and committed by the same party, does not authorize its being set forth in the same indictment. The indictment must charge but one offense. Code, section 4300. Nor is this case like *State v. Pierce*, 77 Iowa, 245; *State v. Paul*, 81 Iowa, 596, and *State v. Larson*, 85 Iowa, 659. In the *Pierce Case* the defendant was charged with larceny of several pianos and organs, all taken from one party. Distinct conversions of the property were not alleged, and the court says: "It has been held that in cases of larceny and similar offenses the taking of several articles may be charged in a single count." The other cases relied upon are similar in principle. We are also cited to the cases of *State v. Dean*, 44 Iowa, 648; *State v. Spurbeck*, Id. 667; and *State v. Winebrenner*, 67 Iowa, 230. It will be sufficient to refer to *Dean's Case* as illustrative of this class of cases. In that case the indictment was for a liquor nuisance, and it also charged that at the same "time and place, and in said building, the said defendant did allow and permit gambling, fighting,

drunkenness, and breaches of the peace," etc. It was held that what followed the allegation of the crime of a liquor nuisance related to the circumstances of the offense charged; that any of the acts alleged might constitute a nuisance, and all together constituted but one nuisance. It cannot be doubted, if that indictment had charged the liquor nuisance as having been committed in one place or building, and the other acts which also constituted a nuisance as having occurred in another and distinct building or place, that it would have been held that two distinct crimes were charged. The cases are not authority for holding this indictment good. The demurrer should have been sustained.

II. Some other questions are discussed, but in view of the conclusion we have already reached, which is decisive of this appeal, we do not consider them.— *Reversed.*