## STATE V. BOUGHNER.

Where, for the purpose of proving the charge in an indictment charging the defendant with committing the offense of selling intoxicating liquors contrary to the statute, evidence is introduced tending to prove the commission of two or more separate and distinct offenses, it is the duty of the court, before the defendant is put upon his defense, if requested so to do, to require the prosecution to elect upon which transaction the state will rely for a conviction. State v. Valentine (S. D.) 63 N. W. 541, followed.

(Syllabus by the Court. Opinion filed, May 22, 1895.)

Error to circuit court, Codington county. Hon. A. W. CAMPBELL, Judge.

This case was first determined by this court in an opinion found in 5 S. D. 461, in which opinion a conviction of the defendant of the offense of selling liquors unlawfully was affirmed. A rehearing was afterwards granted. This opinion is upon the rehearing. Former decision reversed.

*F. Van Liew,* and *Bennett & Sheldon,* for plaintiff in error.

*Coe I. Crawford,* Attorney General, and *Lee Stover,* State's Attorney, for defendant in error.

CORSON, P. J. This case comes before us on rehearing, the opinion being reported in 59 N. W. 736, 5 S. D. 461. At the conclusion of the evidence for the state, which it was claimed tended to prove several distinct sales, the plaintiff in error moved the court to compel the state to elect upon which sale it would rely for a conviction. The motion was denied, and the counsel for the plaintiff in error duly excepted. In our opinion we arrived at the conclusion, from the evidence assumed to be before us, that there was really but one sale proven, upon which the jury would have been warranted in finding the defendant guilty, and that this court would presume that it was for such a sale the jury found the defendant guilty, and therefore no reversible error was committed by the court in denying the motion. In the petition for a rehearing our attention was called to an amended abstract that had been inadvertantly overlooked in preparing the opinion, and which sup-

plies the evidence necessary to show two or more sales, upon any
one of which the jury would have been justified in finding the de-
fendant guilty. This being so, the ground upon which the ruling
of the court below was sustained no longer exists, and the question
must be decided upon the facts as they appear from the two ab-
stracts. The case of State v. Valentine (in which this court hands
down an opinion at this time), 63 N. W. 541, presents identically
the same question. The court has fully considered and discussed
the question in that case, and arrived at the conclusion that when
evidence is given in such a case tending to prove two or more sales,
upon any one of which a jury might find the defendant guilty,
the court should compel the state to elect upon which sale it will
rely, before the defendant can be required to put in his defense;
and the judgment in that case was reversed, and a new trial
granted. For the reasons stated in the opinion in that case the
former decision of this court must be reversed, and the judgment
of the circuit court reversed, and a new trial granted; and it is so
ordered.