THE STATE OF NORTH DAKOTA v. JOHN BROWN.

Opinion filed November 9, 1905.

**Information — Sufficiency — Continuing Offense.**

1. An information for a continuing offense, which alleges that the offense was committed "on the 1st day of January, 1904, and on divers and sundry days and times between that day and the 24th day of April, 1905, and on the 24th day of April, 1905," is 'sufficiently certain as to time, and does not allege more than one offense.

**Intoxicating Liquors — Nuisance — Information.**

2. An information which alleges that the defendant, during a stated time, kept and maintained a nuisance defined and prohibited by section 7605, Rev. Codes 1899, in two adjacent buildings within the same curtilage, particularly describing the place, is neither uncertain or double.

Appeal from District Court, Barnes county; *Burke,* J.

John Brown was convicted of maintaining a liquor nuisance, and appeals.

Affirmed.

*Lee Combs,* for appellant.

The place where a crime is committed must be so set forth as to show that the court has jurisdiction; and when it is matter of essential description it must be particularly and truly stated, and proved as stated. State v. Redington, 64 N. W. 170; State v. Burchard, 57 N. W. 491; State v. Butcher, 47 N. W. 406; State v. Cotton, 24 N. H. (4 Frost.) 143.

Charging that the offense was committed in the "Little Kindred," and also in the building adjoining it, or the frame shanty adjacent thereto, is duplicitous. State v. Chapman, 62 N. W. 659.

The information is in the alternative and conjunctive, and charges in terms, not synonymous, several distinct and separate offenses, and is duplicitous. State v. Fairgreeves, 29 Mo. App. 641; State v. Messenger, 58 N. H. 348; Riggs v. State, 26 Miss. 51; Bishop v. Commonwealth, 13 Grat. 785.

*Alfred Zuger,* State's Attorney, and *C. N. Frich,* Attorney General, for respondent.

A continuing offense may be alleged with a continuando. 10 Enc. Pl. & Pr. 517; State v. Dellair, 4 N. D. 312, 60 N. W. 988.

A continuing offense being charged, the additions of the words "and on the 24th day of April, 1905," referring to the last day in the continuando, add nothing to the previous charge. Com. v. Sheehan, 9 N. E. 839; Com. v. Dunn, 111 Mass. 426.

The information is not double. A nuisance may consist of several buildings used together for one unlawful purpose. Com.. v. Patterson, 26 N. E. 136; Com. v. Rumford Chem. Wks., 16 Gray, 231; State v. Clark, 44 Vt. 636; Stout v. State, 93 Ind. 150, 11 Enc. Pl. & Pr. 523, and note; Com. v. Crowell, 60 S. W. 179; State v. Arnold, 67 N. W. 252; State v. Caffrey, 62 N. W. 664; 10 Enc. Forms, Form No. 11611; State v. Brady, 12 Atl. 238.

The information is not bad in that it charges that the defendant kept a place, (1) where intoxicating liquors were sold, bartered and given away as a beverage; (2) where persons were permitted to resort and did resort for the purpose of drinking intoxicating liquors as a beverage; (3) where intoxicating liquors were kept for barter, sale and gift as a beverage. State v. Dellaire, 4 N. D. 312, 60 N. W. 988; State v. Thoemke, 11 N. D. 386, 92 N. W. 480; State v. Beckroge, 27 S. E. 658; Hale v. State, 51 N. E. 154; State v. Chapman, 10 L. R. A. 432; Schirmacher v. State, 45 S. W. 802; Smith v. State, 23 So. 854.

ENGERUD, J.    The defendant was tried and convicted of the crime of maintaining a liquor nuisance, and has appealed from the judgment.    The information alleges that the offense was committed on the 1st day of January, 1904, "and on divers and sundry days and times between that day and the 24th day of April A. D. 1905, and on the 24th day of April, A. D. 1905." The place maintained as a nuisance was described to be in that certain tenement consisting of a one-story wooden buidling known as the "Little Kindred," and frame shanty or building adjacent to and within the curtilage of said "Little Kindred," situated, etc., describing particularly the location of the structures referred to. It is claimed that the foregoing allegations quoted from the information render it uncertain as to time and place and cause it to charge more than one offense. The sufficiency of the accusation in other respects is not questioned. The sufficiency of the information was first attacked by demurrer, which was overruled. The same points presented by the demurrer were again urged and overruled on motions in arrest of judgment and for a new trial, and are the only points presented for review on this appeal.

The allegation as to time is proper and sufficient in a case like this which charges a continuing offense. The allegation is equivalent to a statement that the nuisance was maintained on the first and last days named and throughout the intervening period. The language is neither uncertain nor open to the objection that it implies that more than one continuous offense was committed. Commonwealth v. Sheehan, 143 Mass. 468, 9 N. E. 839; 10 Enc. Pl. & Pr. pp. 517, 518, and cases cited in notes. The objection to the allegation descriptive of the place which was kept as a nuisance is equally untenable. It is perfectly clear from the language of the accusation that it charges but a single nuisance maintained by the defendant, and that he used two structures for the unlawful purpose at the same time and place set forth in the indictment. We infer from the language of the information that the unlawful traffic to which the place was devoted had attained such proportions that it required two structures for its accommodation. Both structures, however, formed parts of the same place. The statute denounces the keeping of a "place" for the unlawful purpose. "Place" is a comprehensive term, and may consist of one or more rooms in a building; or it may be an entire building; or, as in this case, more than one building within the same place used together for the convenient conduct of the prohibited purpose. It is in substance plainly charged that the frame shanty or building was adjacent to the "Little Kindred," and within the curtilage of the latter, thereby implying that the shanty was in the same inclosure and was part of the same place or tenement. And it is expressly alleged, in effect, that both structures were used together and constituted a single nuisance. The term "shanty or building" plainly refers to a single structure to which either descriptive word is applicable. We think the information describes a single nuisance with ample certainty. Commonwealth v. Patterson, 153 Mass. 5, 26 N. E. 136.

Judgment affirmed. All concur.