(105 N. W. 734.)

---

THE STATE OF NORTH DAKOTA v. JOHN POULL.

Opinion filed November 20, 1905.

**Intoxicating Liquors — Illegal Sale — Maintaining Nuisance — Evidence — Relevancy.**

1. On a trial for the offense of maintaining a nuisance in violation of section 7605, Rev. Codes 1899, under an information charging the maintenance of a certain frame building on certain described lots, evidence that a nuisance was also maintained in another building on the same lots is not relevant to the issue.

**Criminal Law — Reception of Evidence — Independent Offenses — Election Between Acts.**

2. Where the evidence tends to show that two independent offenses were committed under such circumstances, it is prejudicial error to refuse to compel the state to elect which transaction it will rely on for conviction before the defendant offers any evidence in his defense.

**Same — Time for Election.**

3. It is discretionary with the trial court at what stage of the trial it will compel such election up to the time when the state rests its case in the first instance.

**Intoxicating Liquors — Information — Sufficiency.**

>    4. In informations charging the keeping and maintaining of nuisances in violation of section 7605, Rev. Codes 1899, the information should particularly describe the place where the nuisance is maintained before abatement proceedings can be based on a conviction thereon.

**Same — Construction of Statute.**

>    5. The word "place," as used in Rev. Codes 1899, section 7605, means the particular building or apartment where the unlawful sale is made or the intoxicating beverages are kept for sale.

Appeal from District Court, Pierce county; *Cowan,* J.

John Poull was convicted of maintaining a nuisance, and appeals.

Reversed.

*L. N. Torson* and *A. M. Christianson,* for appellant.
*C. N. Frich,* Attorney General, for the respondent.

Morgan, C. J.   The defendant was convicted of the offense of keeping and maintaining a nuisance in violation of the provisions of section 7605, Rev. Codes 1899. The information alleges the maintenance of such nuisance between January 1, 1904, and December 10, 1904, and that defendant "did * * * keep a place, to wit, a certain frame building situated on lots 16 and 17 * * * of Rugby, Pierce county, N. D., * * * in which pace intoxicating liquors were * * * kept for sale, and in which place persons were * * * permitted to resort * * * for the purpose of drinking intoxicating liquors, * * * and in which place intoxicating liquors were * * * sold as a beverage," etc.

It appears from the evidence that there are two buildings on the lots in question. On the front part thereof is the building in which the defendant lived, and on the rear portion is a barn. The two buildings are not connected together in any way. The evidence tends to show that the defendant sold liquors in each of said buildings, and permitted persons to resort to each of these buildings for the purpose of drinking intoxicating liquors during the time covered by the information and this evidence would sustain a conviction for maintaining a nuisance at each of said places during the time charged. The evidence concerning sales or keeping for sale at the barn was objected to at the trial as irrelevant, and

not within the allegations of the information. At the close of the testimony for the state defendant moved that the state be compelled to elect whether it would rely for conviction on the evidence concerning sales at the barn or at the residence. This motion was denied and duly excepted to, and is now assigned as error. We think that the motion should have been granted. The information charged the maintenance of the nuisance at one building, and that cannot be held to be two buildings not connected together, but, on the contrary, wholly disconnected and independent. A nuisance is maintained by keeping a place for the purposes named in section 7605, Rev. Codes 1899; that is, by selling liquors at a place or keeping it there for purpose of sale, or permitting persons to resort to such place for the purpose of drinking intoxicating liquors. Under this section, the word "place" is restricted in its meaning, and cannot be construed to mean all buildings on a particular lot, when not shown to be united in some way. Two buildings on one lot are not necessarily one place, and in this instance constituted two places, within the rule of State v. Nelson (N. D.) 99 N. W. 1077, where the word "place" was defined as follows: "The word 'place,' as used in section 7605, Rev. Codes 1899, means the particular room, tenement or apartment wherein the unlawful business is done or the liquor is kept for sale or sold." Evidence as to sales and keeping for sale in the two buildings was therefore in reference to two separate and independent offenses. Had the information charged the maintenance of nuisances in these two buildings, it would have been objectionable and subject to demurrer, as charging two offenses in violation of section 8042, Rev. Codes 1899. It is elementary that evidence of other offenses than the one charged is not admissible, except in certain cases, and then for restricted purposes only. In this case the information charged the commission of the offense in a certain frame building on certain lots. On those lots were two buildings. Evidence as to violation of the law in either of these two buildings would have been relevant under the information. The information contained nothing showing what building was intended to be specified as the one in which the nuisance was maintained. The facts in this case are not like those in State v. Brown, 104 N. W. 1112, recently decided by this court. In that case both structures formed a part of the same place, and were described as within one curtilage.

At what stage of the trial the state shall be compelled to elect is undoubtedly somewhat in the discretion of the trial court.

The duty to do so at some time before or at the time the state rests on its direct case devolves upon the court, where two distinct offenses are testified to by the witnesses, and their evidence does not fall within some of the exceptions to the general rule heretofore mentioned. The reason for this rule is as obvious as its fairness. The defendant is charged with but one offense by the information, and cannot be expected to be prepared to defend except as to the offense charged. If evidence of more than one offense is permitted finally to be presented to the jury, it cannot determine from a verdict what offense the defendant was convicted of, nor whether the jurors agreed on one offense as having been committed. To require an election before the defendant shall be compelled to present his defense is a reasonable requirement, and is consistent with our criminal procedure that contemplates that the defendant shall be advised of the offense with which he is charged, and that he shall not be twice tried for the same offense. The following authorities hold that it is prejudicial error to refuse to compel an election by the state under facts similar to those in the case at bar. Wharton on Criminal Evidence, section 104; Bishop on Criminal Procedure, section 460; Maxwell on Criminal Procedure, 551; State v. Crimmins, 31 Kan. 376, 2 Pac. 574; Boldt v. State, 72 Wis. 7, 38 N. W. 177; State v. Valentine, 7 S. D. 98, 63, N. W. 541; State v. Boughner, 7 S. D. 103, 63 N. W. 542; Lebkovitz v. State, 113 Ind. 26, 14 N. E. 363, 597; State v. Farmer, 104 N. C. 887, 10 S. E. 563; State v. Smith, 22 Vt. 74; Stockwell v. State, 27 Ohio St. 563; People v. Jenness, 5 Mich. 305.

The information did not give a particular description of the place where the nuisance was maintained. The number of the lots was given, but the block in which they were situated was not given; and it appears from the evidence that the village of Rugby is platted into lots and blocks. The omission of the block in the description of the place would not be sufficiently definite on which to base abatement proceedings after conviction. Section 7614, Rev. Codes 1899; State v. Thoemke, 11 N. D. 386, 9 N. W. 480; State v. Nelson, supra. As the information can be amended before another trial, no further questions will probably arise on the incomplete description.

The judgment is reversed, and the cause remanded for further proceedings. All concur.