## STATE OF NORTH DAKOTA v. PETER ILDVEDSEN.

### (126 N. W. 489.)

**Criminal Law — Intoxicating Liquors — Words and Phrases — "One Place" — Election between Acts.**

1. Defendant was tried and convicted of the crime of keeping and maintaining a liquor nuisance in a certain building situated in the city of Minot, a particular description of the place not being designated. The proof showed that at the date the offense was committed defendant conducted a hotel, and that in the rear of such hotel, and but 3 feet therefrom, is a small building, with a sidewalk between them and a narrow passageway, and that, to gain entrance to or exit from such small building, it was necessary to pass through the hotel. The proof shows that defendant made sales of intoxicating liquor, both in the basement of the hotel and in this little building in the rear. *Held*, under the facts, that both structures were used by defendant together for the convenient conduct of the prohibited traffic, and that within the meaning of § 9373, Rev. Codes 1905, they constituted "one place" for the maintenance of such nuisance. Hence it was not error to deny defendant's motion to require the prosecution to elect which building they would rely on as the place where the nuisance was maintained.

**Intoxicating Liquors — Nuisance — Judgment of Abatement.**

2. Following the rule announced in State v. Poull, 14 N. D. 557, 105 N. W. 717, *held* that, upon conviction for keeping and maintaining a liquor nuisance, the court is not authorized to direct the abatement of such nuisance, where the indictment or information fails to particularly describe the place where such nuisance is maintained.

**Intoxicating Liquors — Conviction — Lien for Fine and Costs — Harmless Error.**

3. The judgment upon a conviction for keeping and maintaining a liquor

nuisance adjudged that a lien be established for the amount of the fine and costs against the property on which the evidence discloses that such nuisance was maintained.

*Held* that, even if this was error, was nonprejudicial, for the reason that the proof discloses defendant to be the owner of such property, and under § 9379, Rev. Codes 1905, such fine and costs are made a lien on all of defendant's real property until paid.

Opinion filed April 30, 1910.

Appeal from District Court, Ward county; *E. B. Goss,* J.

Peter Ildvedsen was convicted of maintaining a liquor nuisance, and appeals.

Affirmed in part.

*R. H. Bosard* and *G. W. Twiford,* for appellant.

*Dudley L. Nash,* State's Attorney, and *George L. Reyerson,* Assistant State's Attorney, for the State.

Fisk, J. Appellant was convicted in the district court of Ward county of the crime of maintaining a liquor nuisance, and he prosecutes this appeal from the judgment of conviction. The charging part of the indictment is as follows: "That at said time and place the said Peter Ildvedsen did wilfully, unlawfully, keep and maintain a certain place, to wit, a saloon in a building situated in the city of Minot, in the county of Ward, state of North Dakota, in which said building intoxicating liquors were sold, bartered, and given away as a beverage," etc.

It is conceded by the appellant's counsel that there is sufficient proof of defendant's guilt to sustain a conviction; the sole contention being that, over his objection, the state was erroneously permitted to prove two separate and independent offenses, and that it was prejudicial error to deny his motion to require the prosecuting officer, at the close of the state's case, to elect on which offense the state would rely. We are agreed that in such ruling the trial court did not commit error. It will be observed that the indictment does not particularly describe the place or building where the nuisance was maintained. Such place is designated in general language as "a building situated in the city of Minot." The case of State v. Poull, 14 N. D. 557, 105 N. W. 717,

relied on by appellant, when carefully read, may, we think, be easily differentiated from the case at bar. In the Poull Case there were two buildings on the lots described in the information. On the front was defendant's dwelling house and on the rear was a barn. The two buildings were in no way connected together, but, on the contrary, were, as stated in the opinion, "wholly disconnected and independent." We quote further from the opinion as follows: "The information charged the maintenance of the nuisance at one building, and that cannot be held to, be two buildings not connected together, but, on the contrary, wholly disconnected and independent. A nuisance is maintained by keeping a place for the purposes named in § 7605, Rev. Codes 1899; that is, by selling liquors at a place or keeping it there for purpose of sale, or permitting persons to resort to such place for the purpose of drinking intoxicating liquors. Under this section, the word 'place' is restricted in its meaning, and cannot be construed to mean all buildings on a particular lot when not shown to be united in some way. Two buildings on one lot are not necessarily one place. . . . The facts in this case are not like those in State v. Brown, 14 N. D. 529, 104 N. W. 1112, recently decided by this court. In that case both structures formed a part of the same place, and were described as within one curtilage." In marked contrast to that case the testi- mony in the case at bar tends strongly to disclose that the small house in the rear of defendant's hotel was connected therewith and used by defendant conjointly with the hotel building as one place for the un- lawful maintenance of a liquor nuisance. The case of State v. Brown, supra, is particularly applicable to this case. There, as here, the main- tenance of but a single nuisance was alleged, and it is clear that both structures were used together for the convenient conduct of the pro- hibited purpose. To gain entrance to or exit from the small build- ing, it was apparently necessary to pass through the hotel washroom. The small building was only about 3 feet from the rear door of the hotel, and there was, as stated by some of the witnesses, merely a side- walk or passage way between them. It is clear that the small build- ing was "adjacent to and within the curtilage of the latter" within the rule announced in State v. Brown, and both buildings as thus used constituted one "place" within the meaning of the statute prohibiting the keeping of a "place" for such unlawful traffic. It was therefore

not error to deny the defendant's motion to require the prosecution to elect which building it would rely on as the place where such nuisance was kept and maintained by defendant.

But one other matter requires notice. Error is assigned as to that portion of the judgment wherein a lien for the fine and costs is adjudged against the premises, and the small building ordered closed for the period of one year. Such assignment is not supported in the brief by argument, nor is it otherwise referred to. Upon what ground this portion of the judgment is claimed to be erroneous we are not advised by the brief of counsel, but we assume that such assignment of error is predicated upon the fact that the particular description of the place where such nuisance was maintained is not designated in the indictment. Section 9373, Rev. Codes, makes it mandatory upon the court to direct the officer in the event "the existence of such nuisance is established, either in a criminal or equitable action, . . . to shut up and abate such place by taking possession thereof, . . . and said officer . . . shall securely close said building . . . and keep the same securely closed for the period of one year, unless sooner released." It is the settled rule, however, not only of this court but elsewhere, that, where an abatement of the nuisance is sought, the alleged nuisance must be particularly identified in order to furnish a sufficient basis for the order of abatement. State v. Thoemke, 11 N. D. 386, 92 N. W. 480, and cases cited; and also State v. Poull, supra.

In so far, therefore, as the judgment directs an abatement of the nuisance, the same is erroneous and must be modified, but this in no manner affects the other portions of such judgment. Regarding that portion of the judgment decreeing a lien upon the premises for the amount of the fine and costs, we think the same, if error at all, is error without prejudice. Section 9379, Rev. Codes, makes all fines and costs assessed against any person in prosecutions for maintaining liquor nuisances a lien upon the real property of such person until paid. There is nothing in the record tending to show that defendant is not the owner of the real property upon which he maintained such nuisance, and, being in possession, in the absence of proof to the contrary, the presumption is that he was such owner. Hence, in the absence of a specific provision in the judgment making such fine and

20 N. D.—5.

costs a lien, the statute aforesaid does so.   The language found in § 9383 that, "In prosecutions under this chapter by indictment or otherwise, it shall not be necessary . . . to describe the place where sold or kept for sale, except in prosecutions for keeping and maintaining a common nuisance and in proceedings for enjoining the same or when a lien is sought to be established against the place where such liquors are illegally sold or kept for sale," must in the light of § 9379 be construed to apply merely to cases where a nuisance is kept and maintained on leasehold premises, and it is sought to establish a lien thereon.   The provisions of § 9379, establishing a general lien on all defendant's real property for such fine and costs, renders it unnecessary and useless to establish a special lien on any particular property owned by him, and upon which the nuisance is maintained.   Hence it could not have been the legislative intent in enacting § 9383 to require a particular description in all cases, but merely in those prosecutions where a general lien is not provided for in said section.   The judgment in this respect, even if erroneous, is in no way prejudicial to defendant.

The District Court is directed to modify its judgment in the particular above stated, and, as thus modified, the same is affirmed.   All concur.