## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### March, 1917.

## THE PEOPLE ex rel. JOHN D. IRELAND v. ARTHUR WOODS, Police Commissioner, etc.

### (177 App. Div. 1.)

(1.) OBTAINING MONEY UNDER FALSE PRETENSES—CONSPIRACY—SUF-
FICIENCY OF INDICTMENT.[*]

A defendant was indicted in the State of New Jersey on six counts,
five counts charging him and his alleged confederates with obtaining
money under false pretenses on the 9th day of June and the 12th day
of July, 1913. The sixth count alleged that the co-conspirators " on
or about the first day of January in the year of our Lord one thou-
sand nine hundred and thirteen and on divers other days between that
day and the day of the taking of this inquisition at the city of
Atlantic City," etc., conspired to defraud persons by means of worth-
less letters of credit and checks.

(2). SAME—ALLEGATION FIXING A SECOND OR SUBSEQUENT DATE ON WHICH
CRIME WAS COMMITTED.

The allegation in the sixth count that the acts in pursuance of the
conspiracy continued down to " the day of the taking of this Inquisi-
tion " fixes a definite time for the second date referred to in the
indictment and does not merely allege a crime on January 1st.

(3). SAME—CONTINUING CONSPIRACY.

The allegation in the same count of the commission of the crime on
a day stated " and on divers other days," when the second date is
fixed, is a sufficient allegation of a continuing conspiracy.

(4). HABEAS CORPUS.

Under the circumstances, the defendant was a fugitive from justice
within the meaning of the extradition law, for his presence in the
State was not under conditions establishing the impossibility of his
participation in the conspiracy, and an applicaton for a writ of habeas
corpus should be denied.

---

[*] See Notes, Vols. 20, p. 290; 25, p. 9.

APPEAL by the relator, John D. Ireland, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of July, 1914, dismissing a writ of habeas corpus.

*George W. Wickersham,* for the appellant.

*Robert S. Johnstone,* for the respondent.

SHEARN, J.:

The relator was indicted in the State of New Jersey. The indictment contains six counts. Five counts charge the relator and his alleged confederate with obtaining money under false pretenses on the 9th day of June, 1913, and the 12th day of July, 1913. The sixth count alleges that the co-conspirators " on or about the first day of January in the year of our Lord one thousand nine hundred and thirteen and on divers other days between that day and the day of the taking of this Inquisition at the City of Atlantic City," etc., etc., conspired to defraud persons named and divers other persons by means of worthless letters of credit and worthless checks drawn on the Little Falls National Bank, Little Falls, N. J., made payable to different persons and signed by relator and delivered by relator to the co-conspirator and passed.

The requisition of the Governor of New Jersey was honored by Governor Whitman after a hearing and upon the production of the necessary papers. It is not claimed that there was no sufficient showing before the Governor to warrant the exercise of his jurisdiction, but on the hearing the relator attempted to overthrow the presumption of regularity by proof that he was not a fugitive from justice for the reason that he was in the State of New Jersey only three times during the year 1913, namely, twice in June and once in August, none of which visits was on or about the specific dates alleged in any of the first five counts.

It was further claimed and it is urged that the sixth count does not allege a continuing conspiracy and, therefore, the date of the offense alleged must be considered as of the first date specified, namely, the 1st of January, 1913, and since the relator proved that he was in the State of New York on that date he is entitled to be discharged. This claim is based on two grounds.

(1) That the allegation that the acts in pursuance of the conspiracy continued down to " the day of the taking of this Inquisition " does not amount to fixing a definite time for the second date referred to in the indictment, and, therefore, it is as though the indictment merely alleged a crime on January 1, 1913, and on "other days," which would of course be merely an allegation of a crime committed on January 1st. But the point is not well taken. This form of allegation for fixing a second or other day has been approved and held to be a sufficient allegation of a definite date in a number of cases in a jurisdiction that always commands respect. (Commonwealth v. Wood, 4 Gray, 11; Commonwealth v. Snow, 14 id. 20.) The caption of the indictment shows that it was found at the January term, 1914, and " where there is nothing on the record showing the contrary, the time of finding the bill is to be taken to be the first day of the term of the court." (Commonwealth v. Wood, *supra.*)

(2) It is also claimed that the allegation of the commission of the crime on a day stated " and on divers other days " is not a sufficient allegation of a continuing conspiracy. This is the common and long-accepted form of pleading a continuing conspiracy, where the second date is fixed, and has been upheld in a number of cases. (Commonwealth v. Sheehan, 143 Mass. 468; Commonwealth v. Briggs, 11 Metc. 573; Commonwealth v. Dunn, 111 Mass. 426.)

It only remains to consider the effect of the relator's conceded presence in the demanding State on at least three occasions during the period covered by the sixth count. In view of

Matter of Hoffstot (N. Y. L. J., May 24, 1910; *Ex parte* Hoffstot, 180 Fed. Rep. 240), and People ex rel. Meeker v. Baker (142 App. Div. 598, 25 N. Y. Crim. 498), there can be no question but that the relator is a fugitive from justice within the meaning of the extradition law, for his presence in the State was not under conditions which establish the impossibility of his participation in the conspiracy.  True, his stay was short on each occasion, but there was abundance of opportunity during his stay not only to confer with his alleged confederate but to hand to his confederate the letters of credit and the bogus checks which, it is alleged, were used to accomplish the overt criminal acts.

It is unnecessary to consider the claims raised with respect to the first five counts of the indictment.

The order should be affirmed, with costs.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Order affirmed, with costs.   Order to be settled on notice.