STATE OF IOWA, Appellee, v. DALE BOWERS, Appellant.

**INTOXICATING LIQUORS:** Criminal Prosecutions. Evidence held
1 sufficient to sustain a conviction for bootlegging and a sentence of
imprisonment in the county jail for six months.

**APPEAL AND ERROR:** Assignments of Error—Indefiniteness. An as-
2 signment of error stating that it will be necessary for the court to
read the evidence, in order to comprehend the errors relied upon,
is too indefinite to warrant a review.

**CRIMINAL LAW:** Cruel and Unusual Punishments. A sentence to im-
3 prisonment in the county jail for six months for the offense of boot-
legging does not constitute a cruel and unusual punishment.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON,
Judge.

FEBRUARY 12, 1924.

DEFENDANT was convicted by a jury of the crime of being
a bootlegger. The indictment was under Section 2461-a, Sup-
plemental Supplement to the Code, 1915, making such an of-
fense a misdemeanor. Defendant was sentenced to imprison-
ment in the county jail for six months, under Code Section
4906. The statute provides that a person so convicted may be
punished by imprisonment for a year, or by a fine of $500, or
both. Defendant appeals.—*Affirmed.*

*Claud M. Smith,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* As-
sistant Attorney-general, and *Lew McDonald,* County Attorney,
for appellee.

PRESTON, J.—The evidence for the State, briefly stated,
tends to show that defendant approached one Ward, a special
investigator working under the sheriff, and that defendant asked
him if he was looking for any liquor, and of-
fered to get him some for $6.00 a pint. Ward
agreed to buy some liquor, and defendant left

1. INTOXICATING
LIQUORS: crim-
inal prosecu-
tions.

to get it. He returned in about twenty minutes with the liquor, and defendant and another went across the street to the depot to complete the transaction. On the way, and while under a street light, where they were being observed by the sheriff and two or three other witnesses, Ward counted out the money to defendant, and defendant handed the liquor to Ward. Upon analysis, the liquor was found to contain a high percentage of alcohol. Defendant was arrested soon after, and there was found on his person $6.00 in money, in the denominations testified to by Ward as having been paid for the liquor.

Defendant's version of the evidence is somewhat different. The evidence is sufficient to sustain the verdict.

1. There are two errors relied upon for reversal: First, that the court erred in its rulings on the admission of evidence and in its failure to sustain defendant's objections to the admission

2. APPEAL AND ERROR: assignments of error: indefiniteness. of all that evidence, as more specifically set out in the abstract. The argument states that it will be necessary for the court to read the evidence, in order to comprehend the errors relied upon. We have stated the error practically in the language found in the printed argument. The assignment is too indefinite to warrant a review.

2. The second error is that the judgment is excessive, and is cruel and inhuman, therefore unconstitutional, in that it violates the Eighth Amendment to the Federal Constitution, and

3. CRIMINAL LAW: cruel and unusual punishments. Section 17, Article 1, of the Constitution of Iowa, to the effect that cruel and unusual punishments shall not be inflicted. The question is not again referred to in the argument. No cases are cited. Appellee cites no cases because, as they say, the question having been disposed of by this court in numerous decisions, they will not take the space or time to cite authority. We assume that neither the State nor the defendant expects this court to brief the case. There was no evidence introduced after the trial and before sentence in mitigation. The trial court is better acquainted with local conditions than this court can be. We do not think the sentence imposed is cruel and unusual. See *State v. Coffman,* 195 N. W. 1001, and cases cited therein. Appellant does not state what, in his opinion, would be satisfactory to boot-

leggers, or what punishment the legislature should have fixed in such cases.

Perhaps nothing further need be said; but we think it is not out of place to say that the time has come when sentences in this class of cases should be such as to have a deterring effect, rather than a small fine which can readily be paid and thus encourage violations of this law. It is well known that men engage in this business, not alone for the profit in it, but also in defiance of law, and for the purpose of breaking down the law, that the law may be brought into disrepute, thus causing disrespect for all law. The public is not in sympathy with a wholesale lawless law-breaking program. The moral forces of the state will support the law-enforcing officers in regard to the liquor law, as well as other laws. The bootlegger can be eradicated if the courts and the enforcing officers do their full duty. It has now become a war between law-abiding and law-respecting people on the one hand, and a strongly intrenched body of law violators, who have brains, money, and an evil capacity. The law-enforcing officers should match them in brains and energy and courage. The trial judge is to be commended for his just judgment.

The judgment is—*Affirmed.*

ARTHUR, C. J., EVANS and FAVILLE, JJ., concur.