STATE OF IOWA, Appellee, v. HENRY LAMMERS, Appellant.

**INTOXICATING LIQUORS:** Bootlegging—Sentence—Excessiveness.
  In the absence of any mitigating circumstance, sentences imposed by the trial court for the unlawful sale of intoxicating liquors will not be disturbed on appeal.

Headnote 1: 33 C. J. p. 797.

*Appeal from Wright District Court.*—EDWARD M. McCALL, Judge.

MARCH 17, 1925.

Defendant was convicted of the offense of bootlegging, and appeals.—*Affirmed.*

*J. W. Henneberry*, for appellant.

*Ben J. Gibson*, Attorney-general, *S. S. Faville*, Assistant Attorney-general, *J. M. Jensen*, County Attorney, and *Robert D. Blue*, Assistant County Attorney, for appellee.

Arthur, J.—The only complaint made on this appeal is that the sentence imposed was excessive. It is urged by appellant that the penalty imposed should be modified. The court imposed a fine of $500, and committed appellant to the county jail for a period of nine months, and suspended payment of the fine during good behavior of appellant. Under the statutes existing at the time of the commission of the offense, sentence of one year in the county jail and a fine of $500 might have been imposed. Section 4906, Code of 1897. A transcript of the evidence is before us, and we have carefully examined same. No mitigating circumstances are disclosed by the record. There was evidence showing that appellant furnished liquor to minors, and to one person who was a habitual user of intoxicating liquors. We find no reason to disturb the judgment of the trial court. Our decisions, and particularly in liquor cases somewhat similar to the one before us, support the conclusion we reach, that the judgment of the trial court in this case should not be interfered with. Among such cases are *State v. Stricker*, 196 Iowa 290; *State v. Shackleford*, 198 Iowa 752.

The judgment appealed from is affirmed.—*Affirmed.*

Faville, C. J., and Evans and Albert, JJ., concur.