State of Iowa, Appellee, v. John C. Cahalan, Appellant.

INTOXICATING LIQUORS: Nuisance—Evidence—Sufficiency. Evidence reviewed, and held ample to sustain a conviction for maintaining a nuisance.

INTOXICATING LIQUORS: Nuisance—Election by State. The State, upon making proof of an allegation of the maintenance of a liquor nuisance at a "dwelling house and brush patch," may not be required to elect as to which "place" it will rely on for a conviction, it appearing that both "places" were on the farm of the defendant, and that the "brush patch" was only an additional hiding place.

INTOXICATING LIQUORS: Nuisance—"Place" Defined. A "brush patch" is a *place*, within the meaning of the statute which prohibits the maintenance of a liquor nuisance in any place.

Headnote 1: 33 C. J. p. 770. Headnote 2: 33 C. J. p. 588. Headnote 3: 33 C. J. p. 588.

*Appeal from Allamakee District Court.*—H. E. Taylor, Judge.

July 1, 1927.

Rehearing Denied October 1, 1927.

Trial and conviction on a county attorney's information accusing the defendant with maintaining a liquor nuisance. Judgment was entered in conformity to law. Defendant appeals.—*Affirmed.*

*A. E. Sheridan,* for appellant.

*John Fletcher,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *E. F. Pieper,* County Attorney, for appellee.

DE GRAFF, J.—Numerous assignments of error are made by the appellant, but the primary propositions presented in argument are three in number. First, that the evidence is insuffi-

1. INTOXICATING LIQUORS: nuisance: evidence: sufficiency.

cient to support a verdict of guilty. Second, that the court erred in failing to compel the State to elect as to the locus in which the alleged liquor nuisance was maintained. Third, that the court erred in failing to instruct the jury that a brush or weed patch is not a place, within the definition of the law, wherein a liquor nuisance may be maintained.

I. The trial court instructed the jury, in substance, in conformity to the allegations of the information, that, in order to convict the defendant, it is necessary for the State to establish, beyond a reasonable doubt, that the defendant, on or about July 23, 1925, on his farm in Allamakee County, Iowa, did use a dwelling house and brush patch, described in the evidence, with the intent and for the purpose then and there and therein to keep intoxicating liquor with intent to sell the same in violation of law, and that the said liquor was intoxicating, and was the property of the defendant.

The jury was fully warranted, under the evidence, in finding that the defendant did own and keep intoxicating liquor in considerable quantities on his farm in Allamakee County, with intent to sell same unlawfully, and that the defendant did, on the date alleged, sell certain quantities of said liquor to two different persons,—one, a Federal revenue officer, and the other, a neighbor. The latter testified that he bought a quart, which Sheriff Davis took to Waukon.

"I didn't take anything out of the quart. Bought it where I stopped the car over the hill on the valley road. Got it at the sumac grove and hazel brush. I wanted something to drink. I wanted a pint. That is all I wanted. I didn't intend to get a quart at all, then he [defendant] says: 'I haven't got no pint. You will have to go to the house.' I didn't want to go to the house, and I took the quart."

The witness paid $1.50 for the liquor.

The revenue officer, E. V. Baldwin, secured from the defendant two quarts of liquor, which he sealed and stamped after he purchased same from the defendant. A little later, the revenue officer, accompanied by Sheriff Davis and the defend-

ant, returned to the brush pile, and found four other containers having "moonshine" therein. This liquor, upon analysis, contained 37.9 per cent alcohol by volume.

Briefly stated, these are the salient facts upon which the State relied for a conviction. The record is amply sufficient to sustain the verdict of guilty.

II. Did the court err in overruling defendant's motion to compel the State to elect as to the place of the maintenance of the alleged liquor nuisance? A liquor nuisance is defined by

2. INTOXICATING LIQUORS: nuisance: election by State.

statute, and it is provided that whoever shall erect, establish, continue, or use any building, erection, or place for any of the purposes within the purview of the prohibitory liquor law, is guilty of a nuisance; and that the building, erection, or place, or the ground itself in or upon which the unlawful manufacture or sale or keeping with intent to sell, use, or give away said liquors is carried on or continued or exists, is a nuisance, and shall be abated. Sections 1930 and 1929, Code of 1924.

It may be observed that the language of the statute is in the disjunctive, whereas the language of the instant information, which was followed by the court in its instruction, is in the conjunctive. The accusation is that the defendant did use a dwelling house *and* brush patch. This challenge was not made to the information by demurrer or otherwise, but by motion of the defendant, upon the conclusion of all the testimony, to compel the State "to elect upon which charge it desires to stand, in so far as the information is concerned, and states that the information attempts to charge two separate distinct offenses." This calls for a brief study of the topography of the case.

The defendant was a farmer, living on and owning a 600-acre farm in Fairview Township, Allamakee County, Iowa. The defendant's house was about one-half mile from a certain brush patch on said farm. It was at this place that the liquor was purchased. This weed or brush patch was simply a cache or hiding place used by the defendant for the liquor; but it is apparent that he also kept liquor at the house, since he told the witness Uglum that he would have to go to the house "to get a pint," as he had nothing but quarts at the weed patch.

There was but one "place" in the instant case, within the meaning of the law defining a nuisance. The defendant created

his own curtilage. It is clear from the language of the information that but a single nuisance was maintained by the defendant, and the prosecutor intended to charge a single nuisance. The defendant simply used the brush pile or weed patch in connection with the house, to cover and conceal his illicit business. It may not have been his main distributing point, but it was a part and parcel of his system of distribution. He used the two for an unlawful purpose, and his plan of operation required the two places for his convenience; but both places formed parts of the same "place." *State v. Chapman,* 94 Iowa 67, involved a ruling on a demurrer. The instant case presents a mixed question of law and fact, but primarily one of fact.

It is said in *State v. Brown,* 14 N. D. 529 (104 N. W. 1112):

"The statute denounces the keeping of a 'place' for the unlawful purpose. 'Place' is a comprehensive term, and may consist of one or more rooms in a building; or it may be an entire building; or, as in this case, more than one building within the same place, used together for the convenient conduct of the prohibited purpose. * * * *Commonwealth v. Patterson,* 153 Mass. 5, 26 N. E. 136."

See, also, *State v. Shackleford,* 198 Iowa 752; *State v. Johnson,* 200 Iowa 325; *State v. Elliott,* 198 Iowa 71.

The objection, which is predicated on the allegation descriptive of the place which was kept as a nuisance, is untenable, under the record facts.

III. The complaint of appellant that the weed or brush patch is not such a place as is contemplated in the statute with

3. INTOXICATING LIQUORS: nuisance: "place" defined.

reference to the maintenance of a liquor nuisance, is equally untenable. The requested instruction was properly refused. We deem further discussion on this point unnecessary.

The judgment entered is—*Affirmed.*

All the justices concur.