COMMONWEALTH *vs.* PATRICK F. MANNING.

Middlesex.    November 25, 1895. — November 26, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Intoxicating Liquors — Sufficiency.*

A complaint for unlawfully exposing and keeping for sale intoxicating liquors with intent unlawfully to sell the same on the first day of June, 1894, and on divers other days and times between that day and the day of making the complaint, which was the fifth of the following December, is sufficient; and the negation of authority, "not having then and there any license . . . according to law then and there to expose, keep for sale, or sell said liquors," applies to the whole period.

COMPLAINT to the Second District Court of Eastern Middlesex, charging that the defendant, on the first day of June, 1894, and "on divers other days and times between that day and the day of making this complaint [which was the 5th of the following December], at Waltham, in said county of Middlesex, and within the judicial district of said court, unlawfully did expose and keep for sale intoxicating liquor with intent unlawfully to

sell the same in this Commonwealth, the said Patrick F. Manning, not having then and there any license, authority, or appointment according to law then and there to expose, keep for sale, or sell said liquors."

In the Superior Court, on appeal, before the jury were empanelled, the defendant renewed a motion to quash made in the court below, on the grounds that the complaint was "uncertain and informal, and that the want of license, authority, or appointment according to law to expose, keep for sale, or sell intoxicating liquors was not sufficiently alleged."

*Richardson*, J. overruled the motion, and the defendant excepted. At the trial the defendant asked the judge to rule that the government was limited in its proof of the offence to June 1, that being the only date upon which it was alleged that the defendant had no license, authority, or appointment to keep liquors. The judge refused so to rule, and ruled that the jury might find that he kept them on any day within the dates covered by the complaint, and that the "then and there" in the phrase of the complaint "not having then and there any license, authority, or appointment," referred to the first day of June, and to any other day between said first day of June and the day of making the complaint.

There was evidence upon which the jury would have been warranted in finding that the defendant, on November 23, 1894, kept liquors with intent to sell the same unlawfully. The defendant's counsel asked the judge to rule that there was not sufficient evidence to warrant the jury in finding that the allegations in the complaint were established. The judge refused so to rule, and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. P. Curran*, for the defendant.

*G. A. Sanderson*, Assistant District Attorney, for the Commonwealth.

ALLEN, J. The complaint charges an offence committed during a single period of time, from the day first named to the day of making the complaint. *Commonwealth* v. *Sheehan*, 143 Mass. 468. *Commonwealth* v. *Dunn*, 111 Mass. 426. *Commonwealth* v. *Hoye*, 9 Gray, 292. The negation of authority "then

and there" applies to the whole period. *Commonwealth* v. *Mc-Kenney*, 14 Gray, 1. *Commonwealth* v. *Boyle*, 14 Gray, 3. *Commonwealth* v. *Chisholm*, 103 Mass. 213.

*Exceptions overruled.*