### UNITED STATES v. TRAVELLER et al.

Fourth Division.    Fairbanks.    March 5, 1923.

No. 866–C.

**1. Indictment and Information ⊕⇒129(1)—Criminal Law.**

It is no objection to the joinder of charges in one indictment that the charges set forth offenses of different grades, and are framed under different sections of the statute, and are attended with different penalties and different procedure.

**2. Indictment and Information ⊕⇒87(6), 119—Continuous Acts.**

Where the offense charged is continuous, consisting of a succession of acts, or a prohibited traffic carried on from day to day, it may be laid with a continuendo, as by alleging it to have been committed on a certain specified day, and on divers other days and times between such day and the date of finding the indictment. This form of allegation is not proper, where the offense charged consists of a single act; but if the date specified is within the period of limitation, and is laid with certainty, the further allegations as to the "divers other days" may be rejected as surplusage.

**3. Intoxicating Liquors ⊕⇒211—Indictment—Negative Averments.**

An indictment charging the unlawful possession of intoxicating liquor under the National Prohibition Act (27 USCA) is sufficient, though it does not contain a negative averment stating facts to show that the possession was unlawful and prohibited; it is sufficient to state that the act charged was then and there unlawful and prohibited.

**4. Indictment and Information ⊕⇒72—Duplicity—Pleadings.**

Where a statute states the acts necessary to constitute an offense disjunctively, the indictment may charge all the acts

⊕⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

enumerated in the statute conjunctively without being double; so, while the indictment uses the words "together with," the court will construe that to be "and" in this particular count of the indictment, and holds that the inclusion of these two offenses under one indictment does not render the court demurrable.

**5. Internal Revenue ⬳2(16)—Intoxicating Liquor—Volstead Act—Revenue Laws.**

The revenue laws of the United States are not repealed in Alaska, and the amendment to the National Prohibition Act puts them in force here, except in so far as any particular part of the revenue statute should be directly in conflict with the National Prohibition Act.

**6. Indictment and Information ⬳132(2)—Election of Court.**

Where defendant is indicted under both the National Prohibition Act and a subsequent United States revenue law for the same act, the court will require the United States attorney to elect which law he will try the defendant under.

Guy B. Erwin, U. S. Atty., of Fairbanks.

RITCHIE, District Judge. The defendants Traveller and Creighton have filed separate demurrers to the seven counts of the indictment in case No. 866 criminal.

On the principal question of felonies and misdemeanors, which it is contended by the defendants cannot be joined in one count, the court is going to follow the rule laid down in the case of Dillard v. United States (C. C. A.) 141 F. 303, and also Phillips v. United States (C. C. A.) 264 F. 657. Those cases hold that the common-law rule has been modified. In the case of Dillard v. United States, supra, as to the ruling of the court upon the demurrer on the ground of misjoinder, it says:

"It is sufficient to point out that the indictment charges cognate crimes, and presents parts and phases of the same transactions. It is no objection to the joinder of charges in one indictment that the charges set forth offenses of different grades, and are framed under different sections of the statutes, and are attended with different penalties and different procedure."

That court cites three or four other cases as authorities for that statement; so this court will hold that the indictment is not demurrable on that ground.

There are other points urged by the defendants as to the sufficiency of the various counts of the indictment.

Counts 1 to 7 allege the offenses to have been committed on

the 19th day of February, A. D. 1923, and on divers days prior thereto and since the 1st day of December, 1922.

It is claimed that this statement as to the time when the offense was committed leaves it indefinite and uncertain, and for that reason is subject to demurrer.

While it may appear that the offense has been committed, as alleged, on different dates between the 1st day of December, 1922, and the 19th day of February, 1923, and in that respect attempts to charge more than one crime, still it appears that the offense is really charged to be a continuing one, commencing on the 1st day of December, 1922, and continuing to and including the 19th day of February, 1923.

In volume 23 of Cyc., at page 227, it is stated as follows:

"Where the offense charged is continuous, consisting of a succession of acts, or a prohibited traffic carried on from day to day, it may be laid with a continuendo, as by alleging it to have been committed on a certain specified day 'and on divers other days and times' between such day and the date of finding the indictment. This form of allegation is not proper where the offense charged consists of a single act; but if the date specified is within the period of limitation and is laid with certainty, the further allegations as to 'divers other days' may be rejected as surplusage."

The allegation as to time might be reversed, and it might say that it was upon the 1st day of December, 1922, and on divers days since said date, up to and including the 19th day of February, 1923, that the offense was committed.

In Commonwealth v. Manning, 164 Mass. 547, 42 N. E. 95, the complaint charged defendant with having exposed for sale and sold liquor on the 1st day of June, A. D. 1894, and on divers other days and times between that day and the filing of the complaint. In that case the court said:

"The complaint charges an offense committed during a single period of time, from the day first named to the day of making the complaint."

This would bring the allegation as to time in the various counts in the indictment under the rule as cited in these authorities, and would seem to be a proper allegation as to time. It works no hardship on the defendant to allege the time in this manner, as it embraces really in one count a succession of acts, for each of which a separate indictment would lie, if the district attorney saw fit to prosecute for each particular count.

It is also urged, especially with reference to the first count

in the indictment, that it is not stated that the act set out therein was unlawful and prohibited, as prescribed by the National Prohibition Act (27 USCA), where it says that it is not necessary that the indictment contain any allegation of negative averment, but it is sufficient to state that the act charged was then and there unlawful and prohibited.

In the recent case of Millich v. United States, 282 F. 604, decided by the Circuit Court of Appeals for the Ninth Circuit, they hold there that an indictment charging the unlawful possession of intoxicating liquor under the National Prohibition Act is sufficient, although it does not contain these averments. While it would seem that that court is casting aside some of the elemental rules with reference to indictments, still this court is bound to follow that rule there laid down, and will follow it.

I therefore hold that the indictment is not insufficient for its failure to make this averment.

The second count charges the unlawful possession of liquor and the unlawful possession of property, and it is claimed that this count is duplicitous, and therefore subject to demurrer.

There is a great variety of decisions on this subject in courts of last resort, but the rule adopted by the Supreme Court of Oregon is contrary to the claim made by the defendants with reference to this count being duplicitous. I cite State v. Leonard, 73 Or. 451, 144 P. 113, 681, in which it is said that:

"When the statute makes it a crime to do this or that, mentioning several things disjunctively, the indictment may, as a general rule, embrace the whole in a single count, but it must use the conjunction 'and' where 'or' occurs in the statute, else it will be defective for uncertainty."

Now this particular section of the Volstead Act (§ 25 [27 USCA § 39]) denounces the unlawful possession of liquor and also the unlawful possession of property designed for use and intended for use in violation of the National Prohibition Act, so that the two offenses are placed upon the same grade, and under this rule of the Supreme Court of Oregon they may be united in one count.

Further in the opinion in this case that I just mentioned the court says:

"The rule has been announced in many cases in this state, in the last 38 years, that, where a statute states the acts necessary to constitute an offense disjunctively, the indictment may charge all the acts enumerated in the statute conjunctively without being double."

So, while the indictment uses the words "together with," the court will construe that to be "and" in this particular count of the indictment, and holds that the inclusion of these two offenses under one indictment does not render the count demurrable.

It might also be said in this connection that this works no hardship on the defendant or defendants, because it includes in one count really two specific, different offenses, which the prosecuting power might allege separately in separate counts, and by not doing that, but by uniting them in one count, it makes the defendant punishable for only one offense, whereas he might be punishable for two.

Now the other points alleged against the sufficiency of the various counts of the indictment the court does not hold important enough to refer to them specifically.

Another chief objection of the defendants is that this indictment charges them with the commission of offenses against two separate acts of Congress and unites them in one indictment.

The defendants claim the revenue laws, against which, in four counts of the indictment, the crimes are charged, are no longer operative in this territory, and that therefore a person cannot be punished for violating a revenue law. It is said that the passage of the Bone Dry Act (48 USCA §§ 261–291 [U. S. Comp. St. §§ 3643b–3643r]) repealed the United States revenue laws. But, whether this is so or not, we find that later on the Congress of the United States passed the National Prohibition Act, and extended it to the territory of Alaska, as well as to all other territories of the United States.

Later on, in 1921, on account of the holding of some of the courts that certain sections of the revenue laws were repealed by the National Prohibition Act, because it dealt with the same subject-matter and prescribed less penalties for the violation, the Congress of the United States passed an amendment to the National Prohibition Act (27 USCA §§ 2, 3, 15, 18, 20, 53, 54, 56), which practically re-enacted all the provisions of the United States revenue laws, except that they said they should be in force unless those laws were directly in conflict with the National Prohibition Act.

They further said in the same act that a conviction for a violation of either one of the acts would be a bar to the prosecution of individuals under the other.

Now I hold that the revenue laws of the United States are not repealed in this territory, and that this amendment to the National Prohibition Act puts them in force here, except in so far as any particular law of the revenue statutes should be directly in conflict with the National Prohibition Act.

Now the question is: What effect should this court give to the provision in the amendment which says that a conviction under one act would be a bar to a prosecution under the other? If the court is to give effect to that statement, clearly a defendant could not be prosecuted for violating both laws at the same time, because he would be deprived of one of the pleas that he would be entitled to make when he is accused of the violation of either the National Prohibition Act or the United States revenue laws. So that, while the court holds with reference to these demurrers that they should be overruled, I would suggest that, if a motion is made by the defendants to require the district attorney to elect as to which laws he will prosecute the defendants under upon the counts contained in the indictment, that the court will sustain the motion and require the government to elect, that they cannot prosecute the defendants for a violation of both laws at the same time.